Conwell v. House.

CONWELL v. HOUSE ET AL.

1. **Trial De Novo:** WHAT ABSTRACT MUST SHOW. A case will not be tried *de novo* in this court, unless the abstract shows affirmatively that it contains all the evidence offered and admitted in the court below. A recital of the certificate of the judge, that all the evidence is contained in the transcript, does not amount to a showing that all the evidence is presented in the abstract.

*Appeal from Ringgold District Court.*

WEDNESDAY, APRIL 4.

ACTION in chancery. There was a decree in effect dismissing plaintiff's petition and granting the relief prayed for in a cross-bill filed by defendants. Plaintiff appeals.

*Askern Bros.*, for appellant.

*Laughlin & Campbell*, for appellees.

BECK, J.—The petition shows that plaintiff became the owner of certain lands under a sheriff's sale and deed, made upon a judgment against one of the defendants, who is now in possession of the land, and converting to his own use the crops raised upon it, which belong to plaintiff. It is alleged that defendant is insolvent and an injunction is prayed for to restrain

Conwell v. House.

him from further appropriation of the crops, and a decree is also prayed for giving plaintiff the possession of the land and of the crops.

The other defendant, who is the wife of the defendant against whom the judgment was rendered under which plaintiff claims title to the land, answered the petition and alleges that she is owner of the land, that it was bought with her property, and that a deed was executed to her for the land by her husband. She makes her answer a cross-bill and prays that the title to the land may be quieted in her. The allegations of the pleadings need not be further recited. The case is triable *de novo* in this court, if it be in a condition to be tried here at all.

II.  Counsel for defendants insist upon the point that the case cannot be reviewed in this court for the reason that the

1. TRIAL DE NOVO: what the abstract must show.

abstract fails to show that it presents all the evidence upon the trial in the court below. The position of defendants' counsel is well taken. The abstract does not purport to contain all the evidence upon which it was tried in the District Court; a statement to this effect is no where found. The abstract does contain a copy of the certificate of the judge, affixed to the transcript, showing that all the evidence is contained in the transcript. But it is not shown by the certificate that the *abstract* contains all the evidence. The certificate does not aid plaintiff. We have heretofore twice held that a copy, or a recital of the judge's certificate, is not alone sufficient to show that the abstract contains all the evidence. *Overholt et al. v. Esmay et al.*, 54 Iowa, 748; *Cassady, Administrator, v. Spofford et al., ante,* p. 237.

The abstract should show that it contained all the evidence certified by the judge. The recital or copy of the judge's certificate does not amount to a showing that all the evidence is presented to us.

We have repeatedly held that we cannot try a case *de novo* unless the abstract shows that we have before us all the testimony offered and admitted in the court below.

AFFIRMED.