Porter v. Stone et al.

PORTER V. STONE ET AL.

1. **Practice in Supreme Court:** VERDICT: EVIDENCE TO SUPPORT: DEFECTIVE ABSTRACT. This court cannot consider whether or not a verdict is supported by the evidence where the evidence is not all before the court; and the printing in the abstract of the certificate of the judge, showing that all the evidence is preserved of record, is not of itself sufficient to show that the abstract sets out all the evidence.

2. **Evidence:** ADMISSIBILITY OF: FALSE REPRESENTATIONS MADE TO THIRD PARTIES. In an action based upon alleged false representations made by defendants to plaintiff, whereby plaintiff was induced to enter into a contract of agency to his damage, evidence that defendants had made similar representations to others, with whom they were seeking to make similar contracts of agency, was admissible to corroborate the testimony of plaintiff as to the representations made to him.

3. ———: FALSE REPRESENTATIONS: MATERIALITY OF. Where defendants, in order to induce plaintiff to become their agent for the sale of fence posts, falsely represented that the posts were manufactured at more than one place, such representation tended to create the belief that the posts were in demand, and evidence of such representation was material in an action based upon false representations.

4. ———: ———: ———: CONTRADICTION OF WRITTEN RECEIPT. Where, in pursuance of a contract, certain notes were given by plaintiff to defendants, and their receipt taken therefor, in an action by plaintiff against defendants, based upon alleged false representations whereby plaintiff was induced to enter into the contract, *held* that plaintiff might prove that the defendants falsely represented that the notes were to be held as collateral security—such evidence being offered to establish the charge of false representations, and not to contradict the receipt.

5. ———: ———: RELEVANCY OF. Where defendants, in order to induce plaintiff to enter into a contract of agency for the sale of certain articles, agreed to furnish the articles to him at a given price, such agreement was a representation that they could be furnished at that price, and defendants' subsequent refusal to furnish them at that price tended to show that the representation was false; and evidence of such refusal was, therefore, admissible in an action against defendants based upon false representations leading to the contract.

*Appeal from Marshall Circuit Court.*

WEDNESDAY, DECEMBER 12.

ACTION at law to recover damages sustained by a fraud-

ulent conspiracy of the defendants, whereby plaintiff was induced to execute his negotiable promissory notes to defendants, which they transferred before maturity. There was a judgment upon a verdict for plaintiff. Defendants appeal. The facts of the case, so far as they are necessary for a full understanding of the questions decided, appear in the opinion.

*Binford & Snelling*, for appellant.

*Brown & Carney*, for appellee.

BECK, J.—I. We will consider the objections to the judgment urged by defendants' counsel in the order of their discussion in argument.

The petition declares upon fraudulent representations made by defendants, inducing plaintiff to enter into a contract for the sale of fence posts and wire for fencing. It is alleged that he was induced to enter into the contract through a conspiracy of the defendants to cheat and defraud him. The allegations of the petition are denied by defendants.

The defendants first insist that the evidence fails to support the verdict, and that there is an absence of proof of

1. PRACTICE in supreme court: verdict: evidence to support: defective abstract. the conspiracy and fraudulent representations. The abstract before us does not purport to set out the substance of all the evidence, and it is nowhere stated therein that all the evidence is presented in the abstract. The certificate of the judge, showing that all the evidence is preserved of record, is presented at length in the abstract. But this fails to show that the abstract itself contains all the evidence. We have frequently held that such certificate is not sufficient to show that the abstract sets out all the evidence. See *Conwell v. House et al.*, 57 Iowa, 754. This objection is raised by plaintiff's counsel, and we cannot disregard it. The statement of counsel for defendants in their reply to plaintiff's argument does not mend the matter. They say upon this

point that "the abstract in this case is an agreed abstract of the testimony abstracted from the transcript, which contains all the testimony, as will appear from the judge's certificate." As we have said, this certificate shows that the transcript contains all the evidence. But there is nothing to show that the abstract, upon which we try the case, contains all the evidence. We cannot, therefore, decide the point urged by defendants, that the verdict is not sufficiently supported by the evidence.

II. It is next urged that the circuit court erroneously admitted the evidence of certain witnesses for plaintiff,

<div style="margin-left:2em">2. EVIDENCE: admissibility of: false representations made to third parties.</div>

Shaw, Peet and Myrick, for the reason that the evidence of each was incompetent and irrelevant. The evidence of these witnesses related to statements and declarations in regard to the posts and wire, which were the subject of the contract, made by defendants not in the presence or hearing of plaintiff.

It does not appear from the testimony of Shaw that the statements to which he testified were not made in the presence of plaintiff. But, indeed, it may be inferred from his testimony that plaintiff was present at the conversation to which witness refers.

By the contract between the parties, which plaintiff claims was induced by the fraud and conspiracy of the defendants, he became their agent for the sale of the posts. Before this contract was entered into, the defendants had negotiations with Peet and Myrick with a view to contracting with them for an agency of the same character as that which plaintiff finally assumed under the contract. The statements testified to by these witnesses were made during these negotiations, and consisted of representations which are of the same character as those made to plaintiff, and which he alleges were false and fraudulent. The evidence, we think, was rightly admitted. This is not unlike the case where one holds himself out as competent to render service, or exposes goods for sale with public representations of their quality. He will

be bound by those representations. The defendants were seeking parties with whom to contract. Evidence that they had made certain representations to those with whom they had negotiated, to induce them to enter into a contract, tends to support plaintiff's testimony, to the effect that like representations were made to him for that purpose. We do not understand that plaintiff relies wholly upon the testimony of these witnesses to show that the representations were made to him. He testifies that they were made to him personally. The testimony of the witnesses surely corroborates him upon this point, and was therefore competent.

III. The plaintiff was permitted to testify, against defendants' objection, that defendants represented that the posts

3. ——: false representations: materiality of.

were manufactured at more than one place. It is claimed that this representation was not true. Defendants think the evidence immaterial. We are not of that opinion. The belief that the posts were in demand tended to induce plaintiff to enter into the contract, and that belief was founded upon the representations in regard to the extent of their manufacture.

IV. The plaintiff testified that the defendants represented that certain notes were to be held as collateral security.

4. ——: ——: contradiction of written receipt.

These notes were executed in lieu of advanced cash payments to be made by plaintiff under the contract, and were executed on the day of the date of that instrument. To this evidence defendants objected, on the ground that it contradicted a receipt given therefor by the defendants. The evidence has no such effect. The action is to recover on the ground of the conspiracy and fraud, whereby plaintiff was induced to enter into the contract and execute the notes. It is not the purpose of the evidence to contradict these instruments. Their validity is not disputed in this action. But plaintiff insists that, through the fraud and conspiracy of defendants, he was induced to execute them. The false representation that the notes were to be held as collateral security constitutes a part

of the fraud of which plaintiff complains, and the evidence in question, tending to prove it, was rightly received.

V. The plaintiff testified that defendants promised to furnish him wire and posts at agreed prices, and that, after the execution of the contract, plaintiff ordered wire of defendants, and received letters informing him that the goods would be sent upon the receipt of the cash at prices higher than was agreed upon. This evidence was objected to on the ground that it established a breach of contract simply, and not a fraud. We think this evidence competent. The failure of defendant to furnish the goods at the prices agreed upon tended to show that their representations as to their ability to furnish them were false and fraudulent. In view of the fact that these representations were made as an inducement to the contract, if false, they were fraudulent. The evidence in question tended to show that they were false.

*5. ——:——: relevancy of.*

The foregoing discussion disposes of all objections urged in argument by defendants' counsel. In our opinion the judgment of the circuit court ought to be

AFFIRMED.