THE WISCONSIN, IOWA & NEBRASKA R'Y CO. v. SECOR ET AL.

70 647
82 753

1. **Practice on Appeal:** TRIAL DE NOVO: DEFECTIVE ABSTRACT. The printing of certificates identifying the evidence and showing that it is all contained in the record, will not answer in place of the averment or statement that the abstract presents all the evidence; and where the abstract is defective in this respect, a trial *de novo* cannot be had.

2. ———: QUESTIONS REQUIRING EVIDENCE: DEFECTIVE ABSTRACT. Questions raised on appeal, which cannot be determined except upon a consideration of all the evidence, cannot be considered where the abstract does not purport to contain all the evidence.

*Appeal from Marshall Circuit Court.*

FRIDAY, APRIL 23, 1886.

ACTION in chancery to enjoin and restrain defendants from interfering with the employes and contractors of plaintiff in constructing its railroad over lands owned by defendants, or some of them, and to recover for damages sustained by it from such interference by defendants. Upon a trial on the merits, the temporary injunction allowed in the case was made perpetual, and judgment for one dollar damages and costs was entered against defendants, who now appeal to this court.

*Geo. W. Wilson,* for appellants.

*J. M. Parker* and *Hubbard, Clark & Dawley,* for appellee.

BECK, J.—I. The petition shows that plaintiff is entitled to occupy the right of way involved in this suit under a contract entered into by defendants, or those of them who own the land. The cause was tried upon depositions in the court below, and is triable here *de novo*.

II. The abstract, though unnecessarily and inexcusably prolix, being in fact the full printed record, fails to show that

**1. PRACTICE on appeal: trial de novo: defective abstract.** it contains all the evidence. The certificate of the clerk and judge affixed to the depositions are printed in the abstract, but it is nowhere stated that the abstract contains all the evidence. We have time and again held that the printing of certificates identifying the evidence, and showing that it is all contained in the record, will not answer in place of the averment or statement that the abstract presents all the evidence. While the printed abstract is culpably prolix in one instance, at least, presenting a part of the record twice, repeating it upon different pages, it omits the simple averments which are essential to authorize us to regard it as containing all the evidence. Unnecessary expense is thus imposed upon defendants, and vexations and useless labor imposed upon us. We advise counsel that a repetition of this offense against our practice will be visited by some marks of our disapproval which will have the effect to impress the rules of this court in this regard upon counsel's memory, and will serve to secure obedience thereto.

III. Counsel for defendants assign errors upon the record. Without determining whether this is proper in a chancery case, triable *de novo*, we may regard these assignments as a part of counsel's argument, presenting the points which he makes in the case.

IV. The second point or error assigned is in the most general language, and to the effect that the court erred in rendering the decree and judgment. Under this

**2. ——: question requiring evidence: defective abstract.** point counsel presents many objections founded upon the insufficiency of the evidence. Of course as all the evidence is not shown to be in the abstract, we cannot consider these objections.

V. Counsel insist that the contract for the right of way upon which plaintiff bases this action is nothing more than

**THE SAME.** "an offer or proposition." We may assume, for the purpose of the case, that it is nothing more. But he insists that it was withdrawn; was not accepted; that

plaintiff has not performed its part under the contract; that there is no consideration to support it; that the railroad has not been located as provided for in the contract or proposition, etc. Now, all these matters depend upon the facts shown in the evidence, and, as we cannot regard the abstract as containing all the evidence, these objections cannot be considered and determined. It cannot be doubted that if the "offer or proposition" was accepted and acted upon by plaintiff, it would be binding upon both plaintiff and defendants. The petition shows acceptance by plaintiffs of the contract, and its readiness to perform its part. We cannot presume that the evidence failed to support the conclusion which the circuit court must have reached that the plaintiff did accept the "offer or proposition," and act under it, and thus become bound by it, as defendants were after acceptance. This objection, which is aimed at the sufficiency of the contract, is the only one discussed by defendants' counsel which we consider, in view of the condition of the abstract.

VI. Counsel complains of an order of the court continuing the cause at a term prior to the one at which it was tried.

THE SAME. We need not inquire whether such an objection may be made here, for the reason that, if we should assume that it may be, we cannot sustain it, because the abstract fails to aver that all the showing and evidence upon which the court acted in making the order set out.

The foregoing consideration disposes of all points in the case upon which we can pass, in view of the condition of the abstract.

The judgment of the circuit court must be

AFFIRMED.