## Drake v. Kaiser et al.

1. **Intoxicating Liquors:** NUISANCE: CONSTITUTIONALITY OF STAT-
UTE: FEDERAL QUESTION. The fact that the enforcement of the stat-
utes for the suppression of intemperance may impair the value of prop-
erty without compensation to the owners, does not make such statutes
repugnant to the constitution of the United States, and affords no
ground for removal to the federal courts of a cause in which the relief
sought, if granted, would have that effect.

2. **Appeal:** PRACTICE: EVIDENCE TO SUPPORT JUDGMENT: DEFECTIVE
ABSTRACT. This court cannot consider whether or not the evidence
supports a judgment, when the abstract does not purport to contain all
the evidence. A certificate of the judge, set out in the abstract, stating
that the report of the short-hand reporter contains all the evidence,
is not sufficient.

*Appeal from Wapello District Court*—Hon. H. C. Trav-
erse, Judge.

## Wednesday, March 7.

ACTION in equity, brought by a citizen of the county, to
restrain and enjoin the defendants from maintaining a nui-
sance. The proceeding is prosecuted under the statute for
the suppression of intemperance. The defendants answered
that before the enactment of the statute, and at a time when
the sale of beer was lawful, they expended a large sum of
money in fitting up the building and place now occupied by
them as a beer saloon; that the building as so fitted up is of
much greater value for that than for any other use to which
it can be put; and they aver that the statute, if applicable to
them, has the effect to deprive them of their property with-
out due process of law, and without making compensation
therefor, and that it is in violation of certain provisions of
the constitution of the United States. They also filed a peti-
tion containing the same allegations, in which they demanded
the removal of the cause to the circuit court of the United
States. The district court ruled that the cause was not

removable, and, upon a hearing, granted the relief demanded in the petition.    Defendants appeal.

*E. L. Burton* and *O. W. Lyman*, for appellants.

*W. S. Coen* and *W. A. Work*, for appellee.

REED, J.—Two positions have been urged in this court as grounds for the reversal of the judgment entered in the court below:   (1) That the district court was divested of jurisdiction by the petition for removal; and (2) that the evidence does not sustain the judgment.

The first position is disposed of by the holding of the supreme court of the United States in *Mugler v. State of Kansas* and *State of Kansas v. Ziebold*, 8 Sup. Ct. Rep., 273.   The holding in those cases is to the effect that the state, in the exercise of its police power, may enact a law forbidding the sale of intoxicating liquors as a beverage within the state, even though the effect of the regulation is to impair the value of private property, and no provision is made for compensating the owners thereof.   Under that holding, the answer and petition for removal do not show any grounds of federal jurisdiction.

*1. INTOXICATING liquors: nuisance: constitutionality of statute: federal question.*

We cannot, on the record before us, consider the other questions argued by counsel.   The abstract does not purport to contain all the evidence introduced and offered on the trial below.   It is true, a certificate of the trial judge is set out in the abstract, to the effect that the report of the short-hand reporter contains all the evidence offered and introduced on the trial. But it is nowhere averred in the abstract that it contains all the evidence contained in the report made by the reporter. As has been frequently held, this is insufficient.   (See *Wisconsin I. & N. R'y Co. v. Secor*, 70 Iowa, 647.)

*2. APPEAL: practice: evidence to support judgment: defective abstract.*

AFFIRMED.