| 75 | ·365 |
| 81 | 438 |
| 75 | 365 |
| 82 | 753 |

## WALROD v. FLANIGAN *et al.*

1. **Boundaries**: ESTABLISHING LOST CORNER: EVIDENCE ON APPEAL. A proceeding under the statute to establish a lost corner is not triable *de novo* upon appeal; and where in such case the evidence was conflicting as to the actual original location of the corner, and the court below adjudged it to be at a point where it was not located by the field-notes of the original survey, but where some of the witnesses testified that they had often seen the mound and pit by which it was originally marked, *held* that this court could not interfere with such finding. The rule in such cases being that courses and distances must yield to fixed monuments, the trial court was not bound by the original field-notes.

2. **Appeal**: PRACTICE: STATEMENT OF ABSTRACT AS TO EVIDENCE. Setting out in the abstract a certificate of the trial judge to the effect that the bill of exceptions contains all the evidence, is not equivalent to saying that the abstract contains all the evidence, and is insufficient to justify this court in reviewing the evidence to see whether it sustains the judgment appealed from.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

FILED, OCTOBER 5, 1888.

THIS is a proceeding under the statute (Laws 1874, ch. 8) for the establishment of a lost corner. The corner in dispute is the quarter corner between sections 14 and 23, in township 89, range 30. The commissioners appointed by the court made a report in which they designate a point on a right line between the section corners east and west of the corner in dispute, and equidistant from them, as the true location of the corner. The district court set the report aside, and, on the evidence taken before the commissioners, and returned by them, entered judgment establishing the corner at a point one chain south and ten links west of the point designated in the report. Plaintiff appeals.

Walrod v. Flanigan.

*L. W. Names*, for appellant.

No appearance for appellee.

REED, J.—The sole ground on which we are asked to reverse the judgment is that it is contrary to the evidence. No other question is raised by the assignment of errors, or argued by counsel. There are two sufficient reasons why we cannot disturb the judgment on that ground.

I. The cause is not triable *de novo* in this court, but is to be determined on the errors assigned. The judgment implies a finding by the court that the corner was established, in the original survey of the land, at the point designated by the judgment. That finding is in conflict with the field-notes of the original survey. But a number of witnesses, who were examined before the commissioners, testified that they had often seen the mound and pit by which the corner was marked, before they were obliterated, and that they were not at the point designated in the field-notes ; and some of them testified that they were at the point designated in the judgment. The testimony of other witnesses as to that point, however, corresponded with the field-notes. The rule in such cases is well settled that courses and distances must yield to fixed monuments ; and the question as to the point of location of the monuments was one of fact, and on that question there was a substantial conflict in the evidence. The rule that we will not in such case disturb the finding of the trial courts or jury has been so long adhered to that we ought not now to be asked to review it, and there can be no occasion for the citation of cases in support of it.

1. BOUNDARIES: establishing lost corner: evidence on appeal.

II. The other reason is that the abstract on which the case was submitted contains no statement that the evidence set out therein is all the evidence on which the case was heard below. In this respect the abstract is like that in *Love v. Donaldson*, 63 Iowa, 631, and the proceeding

2. APPEAL: practice : statement of abstract as to evidence.

of the same character. It is true, the abstract contains a certificate of the judge to the effect that the bill of exceptions contains all of the evidence in the case. But there is no allegation in the abstract that it contains all of the evidence set out in the bill of exceptions. We have uniformly held that this is not sufficient. *Porter v. Stone*, 62 Iowa, 442; *Wisconsin, I. & N. Ry. Co. v. Secor*, 70 Iowa, 647; *Fulliam v. Ctiy of Muscatine*, 70 Iowa, 436; *Woodrum v. Carraher*, 69 Iowa, 145.

AFFIRMED.