H. B. WILKINSON, Appellant, v. B. C. DILENBECK, Appellee.

**EVIDENCE:** Other Contracts. On the issue whether defendant entered into a certain contract with plaintiff, evidence is not. admissible to the effect that defendant, about the same time and place, entered into similar, but independent, contracts with various *other* persons.

**TRIAL:** Acquiescing in Instruction. One who introduces certain corroborative testimony, but allows the court, *without objection*, to instruct that the jury may not consider such testimony, is in no position to complain that the court erred in excluding other corroborative testimony of the same kind.

**APPEAL AND ERROR:** Nonprejudicial Error. When the record in an action for damages in the sale of stock, shows, without objection, that the defendant was a large loser through his connection with the corporation in question, prejudicial error will not result from the action of the court in allowing defendant to state the amount of his loss, especially when plaintiff, by his own testimony, has opened up such inquiry.

*Appeal from Dallas District Court.—*J. H. APPLEGATE; Judge.

JUNE 27, 1918.

ACTION to recover the value of stock in a corporation, which stock proved to be worthless, and which was purchased by plaintiff at the solicitation of the defendant. There was a trial to a jury, and a verdict and judgment for defendant. The plaintiff appeals.—*Affirmed.*

*H. G. Giddings,* for appellant.

*Dugan & Dugan,* and *Parsons & Mills,* for appellee.

EVANS, J.—I. The petition is in two counts. In the first count, the plaintiff avers that he bought the stock in question through the solicitation of the defendant, under an oral agreement by the defendant to repurchase the stock from him at any time within two years, at par, with 7 per cent interest per

1. EVIDENCE: other contracts.

annum. Under the second count, the plaintiff avers that he bought the stock in question in reliance upon certain representations made to him by the defendant, which were false. The case was submitted to the jury upon both counts, with instructions by the court that, if a verdict were to be found for the plaintiff on the first count, the second should be disregarded. Three other like actions, by three other plaintiffs respectively, were consolidated with plaintiff's suit. One trial was had upon all. The corporation in question was known as the Shorthill Steel and Iron Works. The corporation was organized for the purpose of purchasing the plants and consolidating the business of two corporations formerly doing business in Marshalltown. The purpose of the new corporation was to transfer the business to Perry. The subscribers for stock were largely residents of that locality. Dilenbeck was active in promoting the enterprise. In support of the first count of their respective petitions, each plaintiff testified to a verbal agreement by Dilenbeck, at the time his stock subscription was taken, that Dilenbeck would purchase such stock from the subscriber at par, with 7 per cent interest per annum, at any time within two years. This promise was made in February, 1912. In November, 1914, the company went into the hands of a receiver, and all its assets were absorbed in the payment of debts, leaving nothing of value to the stockholders. The alleged agreement to purchase the stock was denied by the defendant *in toto.* The plaintiff produced a number of other stock subscribers, and proposed to prove by each one that Dilenbeck made a similar oral agreement with him. The offered evidence of such witnesses was rejected, upon objection by defendant. This ruling is complained of by appellant. Reliance is had upon *Porter v. Stone,* 62 Iowa 442. That was a case wherein recovery was claimed by plaintiff for damages for false representations. In such cases, the rule as to the admissibility of evidence of similar transactions is quite broad. We do not think the rule can be extended to the support of a mere is-

sue of whether a contract was made 'between plaintiff and defendant. There was nothing in the pleadings or in the evidence indicating that the contract with one subscriber was governed by the contract with any other subscriber, otherwise than that all subscribers were deemed to be paying par for their stock. If these witnesses had been permitted to testify as proposed, it would have opened up an issue as to the contract of each one, and the court would find itself trying a dozen suits, instead of four. There is some force in the suggestion that such testimony had a tendency to corroborate the claims of the various plaintiffs, and that some latitude along that line could have been permitted. Some discretion, however, must be permitted to the trial court as to how far it will permit a digression from the main issue to collateral ones which bear only on the question of corroboration. In this case, the plaintiff had the benefit of the testimony of three other plaintiffs. If such testimony was permissible for the purpose for which the plaintiff offered his additional witnesses, he had the testimony of his three coplaintiffs to that end. But it further appears that, by the instruction of the court, the jury was forbidden to consider such testimony of the respective coplaintiffs as supporting each other. That is to say, the plaintiff was not permitted to receive any corroboration from the testimony of his coplaintiffs on this question. This instruction declared the law of the case, and the plaintiff, appellant, acquiesced therein, without exception. He asked no instruction to the contrary, as applied to the testimony actually introduced. We do not think, therefore, that he is in any position to complain because he was not permitted to introduce more of the same kind of testimony. The instruction nullified all that he had in that respect; and if he had had more, the result would be the same.

2. TRIAL: instructions: acquiescence: effect.

II.   One other specification of error is presented. It was made to appear in the evidence that the defendant himself lost heavily in the enterprise. Objection was made by

plaintiff to testimony of the defendant as a witness on that question, and complaint is made of the overruling of such objection. It appeared in evidence, without objection, that the defendant had himself subscribed for $20,000 worth of stock. It also appeared by a stipulation of the parties that the company went into the hands of a receiver in 1916, and that the stock was worthless. The following occurred, as a part of the examination of the defendant as a witness:

"Q. You were a heavy loser in that institution? (Objected to as incompetent and immaterial.) The Court: He has already said he purchased it, and I guess the other admitted facts would show. (Exceptions saved.) Q. How much did you tell Mr. De Land you had lost? (Objected to as incompetent, irrelevant, immaterial and hearsay. Overruled. Exceptions saved.) A. I told him I had lost between $40,000 and $50,000, and he knew that I had. Q. Is it a fact that you did? (Same objection. Overruled. Plaintiff excepts.) A. Yes, sir."

The specification of error is based upon this record. It will be noted that the first question was not answered. It was manifest, as suggested by the court, from the facts already in evidence without objection, that the defendant had sustained loss. It further appears from the record that the witness De Land, who was one of the four plaintiffs, had testified to a conversation between himself and the defendant concerning the defendant's loss. Technically, this opened the door to the defendant to testify to the same conversation on the same subject. His testimony in that respect added nothing to the facts already in evidence, except the larger extent of his loss. The fact already appeared that the defendant had lost not less than $20,000. We see little room for complaint that the amount of the loss was corrected by the testimony of the witness. Whether the testimony pertaining to his loss was admissible in the first instance, we have no occasion to consider. In the state of the record, this

3. APPEAL AND ERROR: non-prejudicial error.

additional evidence of the defendant's cannot be deemed prej-
udicial.    No other errors are claimed.    The judgment below
must, therefore, be—*Affirmed.*

    PRESTON, C. J., LADD and SALINGER, JJ., concur.