(99 South. 316)
## MOOR v. MOOR.　(4 Div. 106.)

(Supreme Court of Alabama.　Feb. 14, 1924.)

1. Divorce ⬥181—Appeal after 60 days, but within 6 months from decree denying divorce, held in time.

An appeal taken within 6 months after rendition of a decree denying a divorce, as required by Code 1907, § 2868, and Gen. Acts 1915, p. 711, as amended by Gen. Acts 1919, p. 84, is in time; Code 1907, § 2869, fixing the time at 60 days applying only when a divorce is granted.

2. Divorce ⬥312—Award of child's custody to petitioner denied divorce not considered on her appeal, in absence of cross-appeal.

So much of a decree denying petitioner a divorce as awards her the custody of a child will not be considered on her appeal, in the absence of a cross-appeal by defendant assigning such award as error.

3. Divorce ⬥109—Burden of proving habitual drunkenness and use of drugs is on complainant.

Under Code 1907, § 3797, the burden of proving an averment in a divorce petition that defendant "has become addicted after their marriage to habitual drunkenness and the use of drugs or narcotics" (Code 1907, § 3793, subd. 6, as amended by Gen. Acts 1911, p. 631, and Gen. Acts 1919, p. 839) is on complainant.

4. Divorce ⬥93(1)—Averment of husband's addiction to use of drugs held permissible as intensifying charge of habitual drunkenness.

In a bill for divorce on the ground that defendant had become addicted after the marriage

to habitual drunkenness, an averment that he became addicted to the use of drugs or narcotics alleged an additional, cumulative fact, tending to intensify the charge of habitual drunkenness, which is permissible, but does not affect the real question presented.

**5. Divorce ⟜184(6)—Trial court's conclusions from oral testimony and depositions in divorce case not disturbed unless plainly wrong.**

The trial court's conclusion from oral testimony and depositions in a divorce case that petitioner was not entitled to a divorce should not be disturbed on appeal, unless plainly wrong and contrary to the great weight of the evidence.

**6. Divorce ⟜22—"Habitual drunkenness" defined.**

Habitual drunkenness as a cause for divorce is the fixed habit of frequently getting drunk, and does not necessarily imply continual drunkenness.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Habitual Drunkenness or Intoxication.]

**7. Divorce ⟜128—Finding that defendant was not addicted to habitual drunkenness sustained by evidence.**

Evidence *held* sufficient to sustain the trial court's conclusion in a divorce case that defendant was not addicted to habitual drunkenness.

**8. Courts ⟜106—Supreme Court need not discuss testimony leading to conclusion as to insufficiency to support averments of bill.**

The Supreme Court need not discuss and set out in its opinion the testimony leading to its conclusion that the weight of the evidence does not support averments of a bill for divorce that defendant was addicted to habitual drunkenness.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill for divorce by Ida Reid Moor against J. B. Moor. From the decree, complainant appeals. Affirmed.

O. C. Doster and Lee & Tompkins, all of Dothan, for appellant.

The decree denied divorce, and appeal taken within six months was in time. Code 1907, § 2868. Counsel argue for error in the decree and cite, in definition of habitual drunkenness. In re House, 23 Colo. 87, 46 Pac. 117, 33 L. R. A. 832; Elkin v. Buschner (Pa.) 16 Atl. 102; Sapp v. State, 116 Ga. 182, 42 S. E. 410; State v. Pierce, 65 Iowa, 85, 21 N. W. 195; State v. Garvey, 11 Minn. 154 (Gil. 95); State v. Savage, 89 Ala. 1, 7 South. 7, 183, 7 L. R. A. 426; State v. Robinson, 111 Ala. 485, 20 South. 30; Tatum v. State, 63 Ala. 152.

O. S. Lewis, of Dothan, for appellee.

Appeals from decrees of divorce must be taken within 60 days. Code 1907, § 2869. To constitute habitual drunkenness there

must be an irresistible habit of getting drunk, not occasional intoxication. Lentz v. Lentz, 171 Mich. 509, 137 N. W. 229; Garrett v. Garrett, 252 Ill. 318, 96 N. E. 882; Donley v. Donley, 150 Mo. App. 660, 131 S. W. 356; 25 R. C. L. 359; State v. Savage, 89 Ala. 1, 7 South. 7, 183, 7 L. R. A. 426; 9 R. C. L. 312; State v. Robinson, 11 Ala. 482, 20 South. 30; Roden v. State, 136 Ala. 90, 34 South. 351; Tatum v. State, 63 Ala. 147; Ray v. Watkins, 203 Ala. 683, 85 South. 25.

MILLER, J. This is a bill for divorce and for the custody of the 9 year old child of the parties, filed by Ida Reid Moor against J. B. Moor. Complainant seeks the divorce on the ground of habitual drunkenness of the husband—becoming addicted to it after their marriage by the use of liquor. The answer put in issue all material averments of the bill. The court by decree on final hearing held complainant's right to a divorce was not established, and dismissed the cause as filed for that purpose, but gave her the custody of the child, subject to future control by the court, and with the right of defendant to see it at reasonable times and hours when at the place where the child resides; and taxed each party with a part of the cost.

[1] This appeal is by complainant from that decree. The appellee, defendant, moves to dismiss the appeal because it was taken too late under the statute. This decree was rendered on May 10, 1923, and the appeal was taken by giving security for the cost, which was approved on October 9, 1923. This was more than 60 days, and less than 6 months after the decree was rendered. Appeals from decrees of divorce must be taken within 60 days from the date upon which such decree was rendered. Section 2869, Code 1907.

There is no decree of divorce in this cause. The decree denies complainant the right to a divorce. Section 2869 applies only when a divorce has been granted by the decree of the court. Section 2868, Code 1907, and General Acts 1915, p. 711, as amended in General Acts 1919, p. 84, provide the time within which an appeal may be taken from a decree denying the right to a divorce, which is within 6 months from the rendition of the decree. The appeal was taken within the time allowed by the statute, and the motion to dismiss it is overruled. Sections 2868, 2869, Code 1907; Gen. Acts 1915, p. 711, as amended Gen. Acts 1919, p. 84; Minge v. Smith, 206 Ala. 330, headnote 4, 89 South. 473; Pepper v. Horn, 197 Ala. 395, 73 South. 46.

The bill alleges, and the answer puts it in issue, that complainant was a resident citizen of Houston county, Ala., when the bill was filed, and that she "has been such all her life." The testimony was in conflict on this

issue; but the trial court held a decision of it was unnecessary because under the evidence complainant did not prove her right to a divorce.

[2] The court by the decree gave the custody of the child to the complainant, subject to future orders of the court, with right of the defendant to see him at reasonable - hours at the place where he is located. This part of the decree is in favor of the complainant. There is no cross-appeal by the defendant assigning it as error. Complainant alone appeals from the decree; so that part of the decree as to the custody of the child is not before us for review, except incidentally, and we will not discuss and consider 'it.

[3, 4] Complainant bases her right to a divorce from the bonds of matrimony on the ground the defendant "has become addicted after their marriage to habitual drunkenness and the use of drugs or narcotics," under subdivision 6 of section 3793 of the Code of 1907, as amended in General Acts 1911, p. 631, and as further amended in General Acts 1919, pp. 839, 840. The answer of the defendant places this averment in issue, and the burden of proving it rests on the complainant. Section 3797, Code 1907. The averment that he became addicted to "the use of drugs or narcotics" was an additional, cumulative fact tending to intensify the charge of habitual drunkenness, which is permissible. But the real question thereby presented is whether the defendant became addicted after their marriage, to habitual drunkenness. Wright v. Wright, 200 Ala. 489, 76 South. 431; Noble's Adm'r v. Moses Bros., 81 Ala. 548, 1 South. 217, 60 Am. Rep. 175.

[5] The complainant, her mother, father, and sister and the defendant were examined orally in the presence of the trial court. The depositions of other witnesses were taken and noted as evidence in the cause. The court held:

"Upon consideration by the court of the testimony offered by the complainant and the testimony offered by the respondent, after excluding all answers to questions propounded by the respondent to witnesses, to which objections were made by the complainant, it is the conclusion of the court that the grounds upon which the complainant bases her claim or right to a divorce are not established or proven."

This conclusion as to facts found by the trial court from oral and deposition evidence should not be disturbed by us, unless it appears from the testimony to be plainly wrong, contrary to the great weight of the evidence. Finney v. Studebaker, 196 Ala. 422, 72 South. 54; Thompson v. Collier, 170 Ala. 469, 54 South. 493; Bell v. Blackshear, 206 Ala. 673, 91 South. 576.

[6] In State v. Savage, 89 Ala. 8, 7 South. 183, 7 L. R. A. 426, Chief Justice Stone defined drunkenness and habit, as follows:

"Drunkenness is that effect produced on the mind, passions, or body, by intoxicants taken into the system, which so far changes the normal condition, as to materially disturb and impair the capacity for healthy, rational action or conduct; which causes abnormal results, or such as would not ensue, in the absence of the intoxicants—the changed effect produced by the immoderate, or excessive use of intoxicants, as contrasted with normal status and conduct.

"Habit is customary state, or disposition, acquired by frequent repetition; aptitude by doing frequently the same thing; usage; established manner. When a person has repeatedly acted in a particular way, at intervals, whether regular or irregular, for such length of time as that we can predicate with reasonable assurance that he will continue so to act, we may affirm that this is his habit."

These definitions were quoted with approval by this court in State ex rel., etc., v. Robinson, 111 Ala. 482, 20 South. 30. And in Tatum v. State, 63 Ala. 152, in discussing "intemperate habits," and in defining "habit," this court wrote:

"It need not be the uniform or unvarying rule, but, to be a habit, it must be the ordinary course of conduct—the general rule or custom It may have exceptions. Exceptions do not destroy a rule. But, unless, when occasion offers, there is a disposition, or probable inclination, to drink to excess, intemperate habits cannot be predicated. If sobriety is the rule, and occasional intoxication the exception, then the case is not brought within the statute. On the other hand, if the rule or habit is to drink to intoxication when occasion offers, and sobriety or abstinence is the exception, then the charge of intemperate habits is established."

In 19 Corpus Juris, 796, § 5E, "habitual drunkenness" is thus aptly defined:

"Habitual drunkenness is the fixed habit of frequently getting drunk; the term does not necessarily imply a state of continual drunkenness."

[7] The complainant and defendant were married on April 30, 1913. They lived together as husband and wife until some time in December, 1921. The defendant during practically all of this time was a traveling salesman for H. M. Reynolds Shingle Company, as its southern representative, and is still representing them. His earnings averaged five or six thousand dollars annually, which he divided liberally with the complainant. He admits he was drunk six times after their marriage, and before the filing of this complaint. The complainant and defendant were separated from necessity after their marriage, most of the time, on account of his business. She (complainant) and her sister testify he was under the influence of whisky many times when at home, and on some occasions seriously intoxicated. The evidence as a whole indicates the defendant would occasionally get seriously intoxicated; but his drunkenness was occasional rather

than habitual. He drank whisky to excess occasionally, but not with habitual frequency. He would be classed under the testimony as one who drinks whisky in moderation, occasionally, and not constantly, and who occasionally, not frequently, drinks to excess. The testimony in this cause would not stamp him as a person addicted to habitual drunkenness. The trial court saw him and her, heard both testify; and this was his conclusion. It appears right and just to us. It is sustained by and based on the weight of the evidence.

[8] The evidence by its weight does not support the averments of the bill as to the defendant being addicted to habitual drunkenness. The statute does not require us to discuss and set out in this opinion the testimony which leads us to this conclusion. In this case it would probably be improper and unwise for us to do so. The breach between these parties is not serious or wide. They are young, with life before them. They may yet be a united and happy husband, wife and child, living together in peace and harmony.

The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.