(100 South. 635)

HOWELL v. HOWELL. (8 Div. 631.)

(Supreme Court of Alabama. June 5, 1924.)

1. Divorce ⬄109—Burden of proof that husband became habitual drunkard after marriage held to be on complainant.

In view of Code 1907, § 3797, and section 3793, subd. 6, as amended by Gen. Acts 1911, p. 631, and Gen. Acts 1919, p. 839, burden of proof that husband became addicted after marriage to habitual drunkenness *held* to rest on complainant.

2. Divorce ⬄22—Husband occasionally drinking to excess held not addicted to habitual drunkenness.

Where husband's drinking to excess was occasional only, and not habitual with him, he was not a person who became addicted after marriage to habitual drunkenness.

3. Courts ⬄104—Appellate court not required to discuss correctness of conclusion from weight of evidence.

The appellate court is not required under the statute to show correctness of trial court's conclusion from weight of evidence.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Bill for divorce by Saleta Howell against J. M. Howell. From a decree denying relief, complainant appeals. Affirmed.

Tennis Tidwell, of Albany, for appellant.

One is a habitual drunkard who has the fixed habit of frequently getting drunk. Page v. Page, 43 Wash. 293, 86 Pac. 582, 6 L. R. A. (N. S.) 914, 117 Am. St. Rep. 1054; O'Kane v. O'Kane, 103 Ark. 382, 147 S. W. 73, 40 L. R. A. (N. S.) 655; Brown v. Brown, 38 Ark. 324.

Eyster & Eyster, of Albany, for appellee.

The bill was properly dismissed. White v. White, 207 Ala. 533, 93 South. 457; McMahon v. McMahon, 170 Ala. 338, 54 South. 165.

MILLER, J. This is a bill in equity by Saleta Howell against J. M. Howell, seeking a divorce from the bonds of matrimony on the ground said defendant became addicted after marriage to habitual drunkenness. The defendant answered, and denied that he became addicted after their marriage to habitual drunkenness. The court on the hearing on pleading and proof denied complainant relief, dismissed her bill of complaint, and taxed her with the cost of the cause. The complainant appeals from this decree, and assigns it as error.

The complainant and defendant were married on November 18, 1919; they lived together about two years, and then separated. [1] Did the defendant become addicted to habitual drunkenness after their marriage? is the real question presented by the record;

and the burden of proof rests on the complainant. Moor v. Moor (Ala. Sup.) 99 South. 316;[1] section 3797, and section 3793, subd. 6, Code 1907, as amended by Gen. Acts 1911, p. 631, and as further amended by Gen. Acts 1919, pp. 839, 840. This court, in State v. Savage, 89 Ala. 8, 7 South. 7, 183, 7 L. R. A. 426, defined habit and drunkenness. It was approved in State v. Robinson, 111 Ala. 482, 20 South. 30, and it was quoted recently with approval in Moor v. Moor (Ala. Sup.) 99 South. 316,[1] and we need not repeat it here.

[2] The complainant knew before her marriage to the defendant that he drank occasionally to excess. She lived in the home of his father for two years prior to the marriage, and he resided there a part of the time. She was 30 years of age when they married. The defendant from the evidence did not contract the fixed habit of frequently getting drunk after their marriage. Before and since their marriage, from some of the evidence, he did occasionally drink to excess, but this evidence does not pronounce him an habitual drunkard. He occasionally, not frequently, drank to excess; it was not habitual with him; sobriety was the rule, and occasional drinking to excess was the exception in his life. He could not be declared under the evidence as a person who became addicted after his marriage to complainant to habitual drunkenness. To entitle complainant to a divorce on that ground the burden rested on her to make that proof; the court below held she failed to meet the burden placed on her, denied her that relief, and dismissed her cause. We concur in his conclusion, and affirm the decree. Moor v. Moor (Ala. Sup.) 99 South. 316,[1] and authorities supra.

[3] We will not discuss the testimony and show the correctness of this conclusion from the weight of the evidence. The statute does not require it. No good could come from it, and neither party could profit by it.

The decree of the court is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

