(100 South. 781)

O'BYRNE v. O'BYRNE.   (6 Div. 117.)

(Supreme Court of Alabama.   June 12, 1924.)

1. Evidence ⟨key⟩472(1)—Witnesses ⟨key⟩414(1)—Expressions "habitual drunkenness" and "habit of getting drunk" held objectionable as conclusion on whole issue, but corroborating evidence.

In a suit by wife for divorce under Code 1907, § 3793, subd. 6, for husband's becoming addicted after marriage to habitual drunkenness, expressions "habitual drunkenness after marriage" and "habit of getting drunk" held objectionable as conclusion of witness on the whole issue, but where other evidence tends to show habitual drunkenness the expressions may be looked to as corroborative, especially to show the condition arose after marriage.

2. Divorce ⟨key⟩22—Words "becoming addicted" and "habitual drunkenness," as used in statute naming ground for divorce, defined.

In Code 1907, § 3793, subd. 6, entitling wife to divorce, where husband becomes ad-

dicted after marriage to habitual drunkenness, "becoming addicted" is a recognition of fact of common knowledge that continued use of alcoholic liquors creates a craving therefor which steadily breaks down one's powers of resistance, and "habitual," while implying more than once, does not imply that drunkenness shall be at regular periods nor occur every time one has access to intoxicating liquors, nor every time he actually drinks.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Habitual Drunkenness or Intoxication.]

3. Divorce 128—Testimony of husband's addiction after marriage to habitual drunkenness held to entitle wife to divorce with right of remarriage.

In bill by wife for divorce, based on Code 1907, § 3793, subd. 6, because of husband's addiction after marriage to habitual drunkenness, testimony received without objection and uncontroverted held sufficient to warrant relief prayed for, with right to remarry on terms named in section 3811.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill by Helen B. O'Byrne against Thomas E. O'Byrne, for divorce, alimony, and custody of a child. From a decree denying relief, complainant appeals. Reversed and remanded.

Clark Williams, of Birmingham, for appellant.

Divorce may be granted upon the ground of habitual drunkenness after marriage; and it is sufficient if the party has a fixed habit of frequently and repeatedly getting drunk. Code 1907, § 3793; 2 Schouler, § 1555; 14 Cyc. 622; Richards v. Richards, 19 Ill. App. 465.

John S. Stone, of Birmingham, for appellee.

No brief reached the Reporter.

BOULDIN, J. [1-3] The suit is by the wife for divorce from the husband, "for becoming addicted after marriage to habitual drunkenness." Code 1907, § 3793, subd. 6.

This ground of divorce must be construed according to the usual and ordinary import of the words employed.

"Becoming addicted" is a recognition of the fact of common knowledge that the continued use of alcoholic liquors creates a craving or thirst therefor which steadily breaks down one's powers of resistance. Still, as here used, it cannot be said that one must become the helpless victim of strong drink. If a husband of strong will and full self-control is so wanting in his sense of duty to his wife as to be habitually drunk, his wrong is the less excusable.

"Habitual" implies more than once, and may not appear from several occasions under special circumstances. Yet it does not imply that drunkenness shall be at regular periods, nor occur every time one has access to intoxicating liquors, nor every time he actually drinks. The habit of getting drunk is the condition aimed at, and is to be determined by the course of conduct shown in each case.

The testimony here tends to show that defendant left home, when his wife most needed him, sought the company of drinking men, drank with them, was seen drunk, and, in the language of a witness, made "a habit of getting drunk."

Another witness said:

"I have recently been to his apartment several times, and each time he has had whisky and drank it. I have never seen him down drunk, but I have several times seen him where he was silly drunk."

The wife says:

"He went constantly to the club and would come home full of liquor. He became a habitual drunkard after marriage."

Expressions like "habitual drunkard after marriage" and "habit of getting drunk" are objectionable as the conclusion of the witness on the whole issue being tried by the court. Where other evidence tends to show habitual drunkenness, these expressions may be looked to as corroborative, and especially to show that this condition arose after marriage. The testimony being received without objection, and being uncontroverted, we conclude it is sufficient to warrant relief.

Complainant is entitled to a decree dissolving the bonds of matrimony, awarding her the custody of the infant child, and permitting her to again contract marriage on the terms named in section 3811, Code of 1907.

We deem it proper that this decree should be entered in the court below, where defendant may conveniently appear for leave to remarry upon evidence that he has overcome his drinking habit.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.