### ARMSTRONG v. ARMSTRONG.
### (6 Div. 150.)

Supreme Court of Alabama. May 24, 1928.

**1. Appeal and error ⬅⟿895(2)—Review of conclusion of chancellor on facts is practically de novo, where evidence was not taken orally before court (Code 1923, § 10276).**

Where evidence was not taken orally before court, but was taken before register, and none of witnesses seen and heard by the trial court, review by Appellate Court of conclusion of chancellor on facts is, in effect, under Code 1923, § 10276, practically de novo.

**2. Divorce ⬅⟿128—Evidence to sustain finding of husband's becoming addicted after marriage to habitual drunkenness must show he became so addicted after marriage (Code 1923, § 7407, subd. 6).**

In order to sustain finding of trial court, in divorce action, granting a divorce on ground of husband's becoming addicted after marriage to habitual drunkenness, within Code 1923, § 7407, subd. 6, evidence must establish that husband had become so addicted to habitual drunkenness after marriage.

**3. Divorce ⬅⟿22—Husband occasionally drinking to excess is not person becoming addicted after marriage to "habitual drunkenness" (Code 1923, § 7407, subd. 6).**

Husband occasionally drinking to excess, but not doing so habitually, sobriety being the rule, cannot be held as a person becoming addicted after marriage to "habitual drunkenness," within meaning of Code 1923, § 7407, subd. 6, authorizing divorce on such ground.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Habitual Drunkenness or Intoxication.]

**4. Divorce ⬅⟿298(1)—Custody of child after parents' separation rests on paramount question of welfare and best interest of child.**

Considerations as to custody of child after separation of parents must rest on paramount question of welfare and best interest of child.

**5. Divorce ⬅⟿262—Appellate Court is without authority to dismiss appeal for failure to pay alimony, where record merely avers failure or refusal to make payments.**

Where record fails to show effort to enforce payment of temporary alimony, pursuant to motion requiring payment thereof, as condition precedent to prosecution of appeal or of any hearing as to excuse for failure to meet payments, but merely averred failure or refusal to do so, Appellate Court is without authority to dismiss appeal on such ground.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill for divorce by Agnes Armstrong against Homer Armstrong. From a decree for complainant, defendant appeals. Reversed and remanded.

J. T. Johnson, of Oneonta, for appellant.

The habit of drunkenness, on which a divorce may be granted, must be formed after marriage and not prior thereto; and the burden of proving same is on the complainant. Code 1923, § 7407 (6); Moor v. Moor, 211 Ala. 58, 99 So. 316; Howell v. Howell, 211 Ala. 415, 100 So. 635; O'Byrne v. O'Byrne, 211 Ala. 450, 100 So. 781. Such drunkenness must become the ordinary course of conduct, the general rule, and not merely occasional. Authorities, supra. And it must be shown that such habitual drunkenness continued to the time of filing the bill. McMahon v. McMahon, 170 Ala. 338, 54 So. 165; Smithston v. Smithston, 113 Miss. 146, 74 So. 149, L. R. A, 1917D, 361. The evidence in this case was not delivered orally in the presence of the court, and no presumption in favor of the correctness of the decree is to be indulged. Wade v. Miller, 208 Ala. 264, 93 So. 905; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Andrews v. Grey, 199 Ala. 152, 74 So. 62. This court is without jurisdiction to entertain appellee's motion to require payment of alimony before prosecution of the appeal. Code 1923, § 10276; Ex parte Floyd, 40 Ala. 116.

Nash & Fendley, of Oneonta, for appellee.

Pending suit, the court must make allowance for the support of the wife out of the estate of the husband. Code 1923, § 7417. There is ample evidence to sustain the decree of the court granting divorce.

GARDNER, J. The appeal is from a decree granting a divorce from appellant on the ground of becoming addicted after marriage to habitual drunkenness. Section 7407, Code of 1923, subd. 6.

---

[1] The evidence was not taken orally before the court, but appears to have been taken before the register, and none of the witnesses seen and heard by the trial court. The review here, therefore, of the conclusion of the chancellor on the facts, is, in effect, under our statute, practically de novo. Section 10276, Code 1923; Wade v. Miller, 208 Ala. 264, 93 So. 905.

The bill also contained, as ground for divorce, a charge of cruelty, but this ground was evidently abandoned by counsel for complainant, and properly finds no reference in the decree rendered, as the proof in that aspect was entirely insufficient.

The parties to this suit were married in 1923. They are a young couple with one child, a boy, now 2 years of age. The defendant was only 20 years of age at the time of the marriage, and complainant younger than he. He drank occasionally at that time (which was known to her) and probably sometimes to excess. The proof shows he was a rather steady worker and provided reasonably well, within his means, for his family. At the time of the separation, when the complainant went to her father's, where she still remains, we think it clearly appears from the evidence that it was not considered by those there at the time that she was contemplating any final separation. The testimony of her father, who was present, sustains this conclusion. The separation was on February 9, 1926, and the bill in this cause was filed November 18, 1926, and as to whether or not defendant indulged in intoxicating liquors during this interval, the testimony of complainant does not disclose. McMahon v. McMahon, 170 Ala. 338, 54 So. 165.

In Moor v. Moor, 211 Ala. 56, 99 So. 316, some of the authorities were reviewed as to what constitutes becoming addicted to habitual drunkenness, and again in Howell v. Howell, 211 Ala. 415, 100 So. 635, and O'Byrne v. O'Byrne, 211 Ala. 450, 100 So. 781. The text from 19 Corpus Juris, p. 596, was quoted with approval:

"Habitual drunkenness is the fixed habit of frequently getting drunk; the term does not necessarily imply a state of continual drunkenness."

And the following from Tatum v. State, 63 Ala. 152, in defining "habit" was approvingly quoted:

"It need not be the uniform or unvarying rule, but, to be a habit, it must be the ordinary course of conduct—the general rule or custom."

[2] From the evidence, it is readily discernible that defendant fell far short of his duties as a husband. Complainant complains that he would be out at times late at night, she thought with other women, but there was no charge of immorality in the bill, and no proof of any concrete facts in reference thereto. That he was too often neglectful of her happiness, clearly appears, but these are matters beside the question here to be determined. To sustain the finding of the trial court, it must sufficiently appear from the proof that defendant had become addicted to habitual drunkenness after the marriage. The evidence has been carefully considered by the court in consultation, and will not be here discussed in detail, as it would serve no useful purpose.

[3] The evidence of complainant upon this question deals much in generalities, but giving due weight to her testimony, when considered in connection with all the other evidence in the case, including neighbors of this couple and those with whom defendant worked, we are persuaded the following observations of this court in Howell v. Howell, supra, are here applicable:

"He occasionally, not frequently, drank to excess; it was not habitual with him; sobriety was the rule, and occasional drinking to excess was the exception in his life. He could not be declared under the evidence as a person who became addicted after his marriage to complainant to habitual drunkenness."

[4] It follows, therefore, as our conclusion, that complainant failed in her effort to establish this ground of her bill for divorce, and that the chancellor erred in decreeing otherwise. The decree rendered must therefore be reversed. This result, however, does not indicate any opinion that there was error as to that portion of the decree leaving the custody of the child with the mother. Considerations of this character rest upon the paramount question of the welfare and best interest of the child. Wohlert v. Wohlert, ante, p. 96, 114 So. 906; Lynn v. Lynn, ante, p. 190, 115 So. 184.

We have deemed it best to reverse the cause, leaving to the chancellor final disposition thereof, including the question of the custody of the child. From the evidence, the husband has shown some interest in and anxiety for a reconciliation. The parties are young, with life before them, and the hope is entertained there may yet be found a way for a reunited household. We may add with due propriety that, under the evidence presented in this record, the trial court correctly ruled as to the child's custody.

[5] It appears that upon submission of this cause appellee presented and submitted a motion that this court require appellant to pay temporary alimony as decreed by the court below, as condition precedent to the prosecution of this appeal, and that, upon his failing to do so, the appeal be dismissed. The record discloses no effort in the court below to enforce payment of this temporary alimony, and no hearing had of any character as to any excuse for a failure to meet these payments, but it is merely averred appellant has failed or refused to do so. Manifestly, under these circumstances, this court,

in the exercise of its appellate jurisdiction, is without authority to dismiss the appeal upon this ground, and the motion is denied. Ex parte Floyd, 40 Ala. 116.

The motion is overruled. The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.