59 So.2d 878

## PRINCE v. STATE.
### 8 Div. 113.

Court of Appeals of Alabama.
Aug. 26, 1952.

W. A. Barnett, Florence, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

530

CARR, Presiding Judge.

This is an appeal from a judgment of conviction for the offense of vagrancy. Title 14, Sec. 437, Code 1940.

The State anchored the prosecution on subsection 5 of the statute; that is to say that the accused was a common drunkard.

The sufficiency of the evidence to sustain the conviction was raised by the request for the general affirmative charge and a motion for a new trial.

Without dispute in the proof, the appellant lived in the city of Florence, Alabama. He owned his home and some other real property. He had a responsible, regular job as foreman at a stove manufacturing plant located in the city in which he lived. The duties of his employment required that he be at his job five days each week. The plant did not operate on Saturdays, but it was defendant's custom to go to the place early each Saturday morning and unlock the building for the watchman. He generally returned to his home on this day before noon.

All of the witnesses for the State were appellant's near neighbors. Each of these parties testified that the accused would get manifestly and unmistakably drunk practically every week end and sometimes on holidays. Apparently he was not boisterous, discourteous or profane on these occasions. The annoyance to his neighbors consisted primarily in the fact that, while intoxicated, he would come to their homes to use the telephone and would appear outside his residence dressed only in his underwear.

There is no evidence that this week-end drinking in any manner interfered with appellant's work at the stove plant. It affirmatively appears that he was a very efficient, diligent, and trustworthy employee. He was never known to drink on the job.

In the main the dispute in the evidence was occasioned by the defendant's denial that he drank or became intoxicated at any of the indicated intervals.

■ At common law a vagrant was a person who wandered about from place to place, who had no lawful or visible means of support, and who did not work though able to do so.

In our jurisdiction the legislature has specifically described persons who are vagrants. Among these descriptions is "any person who is a common drunkard." This designation has remained in our statute throughout its long judicial history.

■ When we study the thirteen subsections set out in Section 437, supra, we observe a general legislative idea and intent to describe a vagrant as an able-bodied person who follows not only an idle life, but one who is engaged in an immoral, unlawful or profligate occupation or livelihood.

Certainly the word "common" imports frequency. The terms "common drunkard" and "habitual drunkard" are often used interchangeably and are by many courts considered to be synonymous. Tatum v. State, 32 Ala.App. 128, 22 So.2d 350; Pollon v. State, 218 Wis. 466, 261 N.W. 224; State ex rel. Attorney General v. Savage, 89 Ala. 1, 7 So. 183, 7 L.R.A. 426.

The term "common drunkard" does not seem to be a part of the English law. The Habitual Drunkards Act of 1879, 42 and 43 Vict. c. 19, Secs. 3, however, defines habitual drunkenness as follows: "A person who, not being amenable to any jurisdiction in lunacy, is by reason of habitual intemperate drinking of intoxicating liquor at times dangerous to himself or herself or others or incapable of managing himself or herself and his or her affairs." 9 Halsbury's Laws of England, 241.

In the case of Howell v. Howell, 211 Ala. 415, 100 So. 635, our Supreme Court had occasion to interpret and define the provision: For becoming "addicted after marriage to habitual drunkenness", as it appears in our divorce law.

The court held that the respondent could not be declared a habitual drunkard under the following facts:

"The defendant from the evidence did not contract the fixed habit of frequently getting drunk after their marriage. Before and since their marriage, from some of the evidence, he did occasionally drink to excess, but this evidence does not pronounce him an habitual drunkard. He occasionally, not frequently, drank to excess; it was not habitual with him; sobriety

was the rule, and occasional drinking to excess was the exception in his life."

See also, Armstrong v. Armstrong, 217 Ala. 581, 117 So. 195.

The prosecution in the case of Tatum v. State, supra, was based on subsection 5 of our vagrancy statute. We have again reviewed the evidence as it appears in the original record. During the twelve months just prior to the beginning of the prosecution, the accused was drunk on many occasions. He was imprisoned *numerous* times for public drunkenness. Sobriety was an exception to his everyday conduct. Under this proof we held that the judgment of conviction was justified.

Clearly we do not have an analogous factual situation in the case at bar.

If the State's evidence is to be accepted, the conduct of the defendant when he was intoxicated is certainly not to be approved or sanctioned. However, we are here dealing with an alleged violation of a specific law.

Taking the evidence in its most favorable light for the prosecution, we are unable to conclude that the facts sufficiently support the judgment of conviction.

It is ordered, therefore, that the judgment below be reversed and the cause remanded.

Reversed and remanded.