62 So.2d 239

### ABLE v. STATE.

6 Div. 511.

Court of Appeals of Alabama.

Dec. 16, 1952.

CARR, Presiding Judge.

This appeal is from a judgment of conviction for vagrancy. The prosecution proceeded on the factual theory that the appellant was a common drunkard. Title 14, § 437, subsection 5, Code 1940.

1. Ante, p. 104.

642

The only reviewable question relates to the sufficiency of the evidence to sustain the judgment of conviction. This was raised by a motion to exclude the state's evidence. Hendricks v. State, 34 Ala.App. 502, 41 So.2d 420; Brooks v. State, 34 Ala. App. 275, 38 So.2d 744.

Stated succinctly, the proof consists of this: An officer testified that he saw the defendant drunk on April 19th, 1951; September 25th, 1951; October 6th, 1951; October 31st, 1951; and December 8th, 1951. Another officer testified that he saw the defendant drunk on December 28th, 1951.

It is not made certain by the record, but there is a fair, inferable deduction that the accused was arrested for public drunkenness on the above indicated dates.

The terms "common drunkard" and "habitual drunkard" are considered by many authorities to be synonymous and are often used interchangeably. Tatum v. State, 32 Ala.App. 128, 22 So.2d 350; Pollon v. State, 218 Wis. 466, 261 N.W. 224; State ex rel. Attorney General v. Savage, 89 Ala. 1, 7 So. 7, 183, 7 L.R.A. 426.

In the case of Howell v. Howell, 211 Ala. 415, 100 So. 635, the Supreme Court reviewed the import of the provision "addicted after marriage to habitual drunkenness" as it appears in our divorce law. In response the court declared:

"The defendant from the evidence did not contract the fixed habit of frequently getting drunk after their marriage. Before and since their marriage, from some of the evidence, he did occasionally drink to excess, but this evidence does not pronounce him an habitual drunkard. He occasionally, not frequently, drank to excess; it was not habitual with him; sobriety was the rule, and occasional drinking to excess was the exception in his life."

The original record in the case of Tatum v. State, supra, discloses that during the twelve months just prior to the beginning of the prosecution the accused was drunk on many occasions and was imprisoned *numerous* times for public drunkenness. On the basis of this record evidence, we held that the judgment of conviction should stand.

The writer authored for the court the opinion in the case of Prince v. State, ante, p. 529, 59 So.2d 878. What I have written herein above follows to a great extent the reasoning in the Prince case.

As we have indicated, in the case at bar the accused was observed by the witnesses to be drunk on six different occasions during the twelve months period just prior to the institution of the prosecution.

■ We do not think that the statute which declares a common drunkard to be a vagrant suggests a legislative intent that a successful prosecution should rest on the sole proof of such infrequent intoxication.

The evidence should support a finding that excessive drinking had become habitual with the accused. That is to say, drunkenness is his customary and usual character of conduct and sobriety is the exception.

■ We are forced to the conclusion that the motion to exclude the evidence should have been granted.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.