65 So.2d 830

### HOUSTON v. STATE.

### 6 Div. 655.

Court of Appeals of Alabama.

June 2, 1953.

W. L. Longshore, Birmingham, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of vagrancy, the State relying for a conviction on subsection (5), Section 437, Title 14, Code 1940, that is, that defendant was a common drunkard.

The evidence for the State was presented by two officers of the Homewood Police Department. Their combined testimony, after referring to jail slips for the purpose of refreshing their recollections, was that the exact number of times they could testify to as having seen defendant drunk during the period between November 20, 1951, and November 20, 1952, was six times. One of the officers stated he had seen him drunk several times. The other officer said he had seen him drunk "numerous times" and on "many occasions" but was afraid to say and couldn't make an estimate as to how many times he had seen him drunk during the twelve month period. Sometimes he saw him drunk and pulled up beside him and sent him home.

To this question by the Solicitor "Mr. Barker, on what dates have you seen this defendant drunk, during the subject period, and what percentage of those periods have you arrested him, in your judgment?" The witness answered: "There is more times that I didn't than I did."

Neither officer knew where the defendant lived nor whether he had worked during the past year. One of the witnesses said defendant told him he worked part of the time.

Defendant offered no evidence in his own behalf.

The recent cases of Tatum v. State, 32 Ala.App. 128, 22 So.2d 350 and Prince v. State, 36 Ala.App. 529, 59 So.2d 878, review numerous decisions interpreting the meaning of the term "common drunkard" within the statute defining vagrancy, and the facts necessary to be proven in order to support a charge of vagrancy under this subdivision of the statute. There is no necessity for a restatement of these principles.

After a careful consideration of the record we are of the opinion that there was not sufficient evidence to prove that the defendant was a vagrant. He was entitled to the general affirmative charge requested by him.

Reversed and remanded.