141 So.2d 534

Rosemary HENSON

v.

STATE.

8 Div. 814.

Court of Appeals of Alabama.

Feb. 13, 1962.

Rehearing Granted May 15, 1962.

Lusk & Lusk, Guntersville, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

The original opinion in this case is hereby withdrawn and the following is substituted therefor as the opinion of the court.

The appeal is from a judgment of conviction for the offense of vagrancy. The state relied for a conviction on the theory that the appellant was a common drunkard, Title 14, Section 437, subsection 5, Code 1940.

The evidence for the state was presented by two deputy sheriffs of Marshall County. One of the officers testified he had arrested the defendant on a charge of drunkenness five or six times during the past three years. The other officer stated that during the three year period prior to trial he had seen defendant on three occasions when she was brought into the sheriff's office in an intoxicated condition and had himself arrested her one time; that he had seen her under the influence of whiskey on two or three occasions when he did not arrest her. The only testimony tending to show that defendant was drunk within twelve months prior to the institution of the proceeding was the testimony of one officer that he arrested defendant on March 3, 1961, on the charge upon which this prosecution was based.

The facts which are necessary to be proven in order to support a conviction under a charge of vagrancy under subsection 5, Section 437, Title 14, Code 1940, are set out in Tatum v. State, 32 Ala.App. 128, 22 So.2d 350; Prince v. State, 36 Ala.App. 529, 59 So.2d 878; Able v. State, 36 Ala.App. 641, 62 So.2d 239.

A careful consideration of the testimony contained in the record leads us to the con-

clusion that the evidence was not sufficient to prove that the defendant was a vagrant.

The judgment is reversed and the cause remanded.

Reversed and remanded.