209 So.2d 614 (1968)
Francis J. HENRY
v.
STATE of Mississippi.
No. 44796.
Supreme Court of Mississippi.
April 22, 1968.
*615 Walker & Sullivan, Laurel, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Lawrence Y. Mellen, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Justice.
Francis J. Henry was indicted, tried and convicted on a charge of armed robbery in the Circuit Court of the First Judicial District of Jones County, Mississippi, at the November Term 1966. From a jury verdict of guilty and judgment sentence to serve time of thirty years in the state penitentiary, he has appealed to this Court.
The circumstances leading up to appellant's conviction are briefly summarized as follows. Mr. Larry Gunter was working as a service station attendant in the town of Ellisville, Mississippi, on Labor Day, September 5, 1966. Two men drove into the service station in a 1960 Pontiac with an Illinois license plate. It later developed that Francis Henry was the driver of the automobile, and that Jack Gaddis was riding in the car as a passenger. One of the automobile occupants purchased two dollars worth of gasoline, and Mr. Gunter went into the service station to make change. Henry and Gaddis followed him inside the station. Gaddis exhibited a .22 caliber pistol and said to Gunter, "This is a holdup." The defendant Henry asked for something to put the money in, and placed the money from the cash register in a bag. One of the men then said, "We are going for a ride." The three men got into the Pontiac and proceeded down Interstate Highway No. 59. Henry said to Gunter, "We are going to give you a break. When we robbed the place we planned to kill you. You better get out of the service station while you can, the next time they might not be as generous." Henry and Gaddis then proceeded to "tie up" Hunter and leave him in a ditch. After Henry and Gaddis had gone, Hunter succeeded in partially freeing himself so that he could walk to a nearby residence. The police were notified, and the automobile was discovered at a hotel in Laurel. An American Legion card which had been taken from the service station at the time of the robbery was found in the automobile Gaddis pled guilty and testified upon the trial of Henry that he (Gaddis) robbed Hunter upon an "impulse" and that Henry did not know that he was going to commit the robbery until it had been accomplished.

I.
The appellant Henry was tried twice in the circuit court. The first trial resulted in a mistrial. A special venire was drawn and summoned for the second trial. In calling the jury to service in the box, or on a panel, the individual jurors were called by drawing names consecutively from each supervisor's beat. The appellant promptly made a motion to quash the jury upon the ground that the names of the jurors drawn consecutively from each supervisor's beat did not fairly represent a cross section of the qualified jurors of Jones County, because the jury list concentrated jurors in two supervisors' beats. This motion was overruled by the trial judge, and appellant assigns this action of the court as reversible error.
We have examined the record and are satisfied that the trial court's action in overruling the motion was proper for two reasons. First, the admitted facts show that the list of jurors from the five beats *616 was not unfairly distributed; Beat 1 contained 8 jurors; Beat 2 contained 6 jurors; and Beat 3, Beat 4 and Beat 5 contained 5 jurors each. Thus, it is apparent that there was no concentration of jurors in any one beat. Second, the contention of the appellant that there should have been more names in the list of jurors from Beat 1 because more people live in this beat than in any other beat is not well taken, because there is no discrimination shown in the method of selecting the jury. There is no evidence to show that the appellant was prejudiced by the selection of the jury in the instant case. The alleged robbery here involved is said to have occurred in the First Judicial District of Jones County, Mississippi. The appellant made a motion requesting the court to summon a special venire from the county at large, which included beats outside of this district. The jury was summoned and impaneled in compliance with sections 1766 and 1772, Mississippi Code 1942 Annotated (Supp. 1966). Moreover, the statutory method of selecting a jury in this state is discretionary and not mandatory. Miss. Code 1942 Ann. § 1798 (1956).

II.
The appellant has assigned as error the ruling of the court which permitted two witnesses for the state to relate a statement made by the appellant's co-defendant, Jack Gaddis, in the presence of the defendant, Francis J. Henry, with reference to how the robbery was accomplished. The confession of appellant's co-indictee came about under the following circumstances. After Gaddis and Henry had been apprehended and incarcerated, the officers advised them of their constitutional rights, and they wanted to have a conference before they discussed the matter further. They were carried to jail, and later they notified the officers that they wanted to talk to the officers. They were brought before the officers, and Gaddis, in the presence of Henry, related the facts with reference to the robbery. Henry told Gaddis, "You go ahead and do the talking." When Gaddis had finished telling the officers how the robbery occurred, the officers asked Henry if there was anything else that he would add. He stated, "That's the way it was, that's it. That's all of it." The rule is well settled that a confession of a co-conspirator implicating a co-conspirator made in the presence of the co-conspirator is admissible against a co-conspirator if he assented thereto or made no denial thereof. Church v. State, 182 Miss. 802, 183 So. 525 (1938); Dueitt v. State, 225 Miss. 254, 83 So.2d 91 (1955); Underhill's Criminal Evidence § 274 at 542 (4th ed. 1935); 29 Am.Jur.2d Evidence § 539 (1967).

III.
The appellant contends, however, that the admission in evidence of the confession taken by the police at the time when the appellant was in the custody of the police and when he did not have an attorney to advise him, was a violation of the defendant's constitutional right to have an attorney appointed to aid him at the time when the confession was made.
The appellant has cited the modern United States cases on this subject set out in Conn v. State, 251 Miss. 488, 170 So.2d 20 (1964), and Note 2 under Allred v. State, 187 So.2d 28 (Miss. 1966). These cases are fully discussed in Annotation, 10 A.L.R.3d 1054 (1966). In the case of Miranda v. State of Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966), the United States Supreme Court pointed out that:
"In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influence is, of course, admissible in evidence."
The Court also pointed out the method of warning suspects or prisoners given by *617 members of the Federal Bureau of Investigation before they are interrogated. In the case now before the Court, the officers followed the suggestions set out by the United States Supreme Court in the Miranda case. They warned the prisoners, and after being fully advised, Gaddis made a voluntary statement in the presence of Henry, to which Henry assented. We hold that the objection to this statement on the ground that the defendant did not have an attorney is not well taken. The court was correct in overruling the objection by defendant Henry to the introduction of a statement made by Gaddis.

IV.
The appellant complains that a witness summoned by the defendant Henry was not permitted to testify on behalf of defendant that he was employed as Chief Psychologist at the Ellisville State School, and that he had been appointed by the trial court to examine the defendant Gaddis. He was offered as an expert witness to testify that the appellant's co-defendant Gaddis was suffering extreme tension and a brain injury at the time he was examined, and that in the opinion of the expert witness, Gaddis would act impulsively and would have committed the crime upon an impulse; that his mental condition was such that it was difficult for Gaddis to control his social behavior. The purpose of this testimony was to bolster the testimony of Gaddis, because the defendant's defense was based upon the theory that he had nothing to do with the robbery and that Gaddis committed the robbery on a sudden impulse without having previously communicated his intentions to the defendant Henry. He, therefore, contended that he could be guilty of no greater crime than that of accessory after the fact.
As a general rule, corroborating testimony to strengthen and bolster the testimony of a party's own witness is not admissible. This rule is pointed out in 98 C.J.S. Witnesses § 472 (1957), wherein it is said:
"Where a witness has not been impeached, it is not in general permissible to support his testimony by other evidence, corroborative in its nature, which bears on the credibility of the witness rather than on the issues in the cause * * *. However, considerable latitude must be allowed in the admission of corroborative evidence of a witness not directly impeached, and under certain circumstances corroborative evidence is admissible to support the testimony of such a witness."
This Court has followed this rule in several cases. Owens v. State, 82 Miss. 18, 33 So. 718 (1903); Jeffcoat v. State, 108 Miss. 585, 67 So. 56 (1915); Byrd v. State, 154 Miss. 742, 123 So. 867 (1929); see also Allison v. State, 162 So.2d 922 (Fla. App. 1964).
There is, however, authority in this state as well as other states which permits the introduction of corroborating testimony where the collateral evidence is on a crucial issue in the trial of the case. Byram v. Snowden, 224 Miss. 74, 79 So.2d 541 (1955). The adjoining states have also adhered to this exception to the general rule. O'Byrne v. O'Byrne, 211 Ala. 450, 100 So. 781 (1924); Mixon v. Pennington, 204 Ala. 347, 85 So. 562 (1920); Succession of Hagan, 150 La. 934, 91 So. 303 (1922).
Expert testimony has been admitted also to corroborate a witness on crucial issues. Floyd v. State, 166 Miss. 15, 148 So. 226 (1933); Steel v. Snyder, 295 Pa. 120, 144 A. 912 (1929).
It appears, therefore, that the admission of corroborating testimony on a collateral issue is largely a matter addressed to the sound discretion of the trial judge. 98 C.J.S. Witnesses § 472 (1957); Cody v. State, 167 Miss. 150, 148 So. 627 (1933); Harvey v. United States, 2 Cir., 23 F.2d 561; Wilkinson v. Dilenbeck, 184 Iowa 81, 168 N.W. 115 (1918).
*618 We are of the opinion that the exclusion of the testimony of the psychologist was not error, because the uncontradicted testimony of the service station attendant shows that the defendant aided in the commission of the robbery. We find no material error in the trial of this case, and for that reason the judgment of the trial court is affirmed.
Affirmed.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.