(115 So. 692)

## HOOTEN v. STATE. (4 Div. 343.)

Court of Appeals of Alabama.  Feb. 14, 1928.

Application for Rehearing Stricken March 6, 1928.

Brassell & Brassell, of Troy, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J.  From a judgment of conviction for violating the state prohibition law, defendant appeals. In addition to the fine assessed by the jury, the court added 6 months' hard labor for the county.

■ Upon the trial of this case, innumerable objections were interposed and were sustained, but only in three instances were exceptions reserved to the court's rulings. As a consequence, nothing is here presented for review except where exceptions were duly reserved.

The evidence adduced upon this trial presented a jury question. It was ample to justify the jury in their verdict and to support the judgment of conviction pronounced and entered.

The three exceptions to the court's rulings upon the admission of evidence are without merit. No prejudicial error appears.

■ The solicitor's argument, objected to, has no place in an orderly court proceeding, but the undignified utterance complained of would not justify this court in placing the court below in error. We are of the opinion that the unguarded statement did not injuriously affect the substantial rights of the defendant. It could not have caused the jury to deviate from their sworn line of duty as jurors. The court's instructions to the jury were explicit and fair, and the law governing the issues involved was plainly and ably stated.

The affirmative charge, for defendant, was not in point. It was properly refused.

Charge 2, refused to defendant, pretermits a consideration of all the evidence and lays too much stress upon the evidence of character.

Under all the facts and attendant circumstances, the lower court was under no duty to grant defendant a new trial. No error appears in this connection.

The record being regular and without error, the judgment of conviction, from which this appeal was taken, will stand affirmed.

Affirmed.