(121 So. 435)

**CLEGHORN v. STATE.** (3 Div. 620.)

Court of Appeals of Alabama. Jan. 15, 1929.

Rehearing Denied Feb. 5, 1929.

E. T. Graham and C. H. Roquemore, both of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ▆ At the May term, 1928, of the circuit court of Montgomery county, the grand jury returned an indictment against this appellant charging him with the offense of vagrancy. The indictment followed the Code form, and was sufficient. It appears from the record that he was tried and convicted; the jury assessed a fine against him of $350, to which the court added twelve months' hard labor for the county. From the judgment of conviction, he appealed.

▆ The statute defining vagrancy (section 5571 of the 1923 Code) consists of numerous subdivisions; and this prosecution was predicated upon subdivisions 1, 2, 3, 4, and 13 of said section. The state, by its several witnesses, adduced evidence tending to show that the accused was an able-bodied man, able to work, but did not work, and other facts which, if believed, under the required rule, brought him within the terms of the statute, supra; the question of time or venue was not controverted. The defendant testified in his own behalf, and insisted that he did work and that he was in the dairy business with his father, etc. This conflict in the evidence presented a jury question, and there is no phase of this case which entitled the defendant to the affirmative charge as insisted by counsel for appellant.

▆ It is insisted that the severity of the punishment imposed should effect a reversal of the judgment of conviction. This insistence cannot prevail, as the punishment imposed both as to the fine assessed by the jury and the additional punishment by the court were within the limits of punishment provided by the statute, and the presumption must prevail that the court and jury properly discharged the duty devolved upon them in this connection. It is so clearly evident that the court did not commit reversible error in any of the rulings complained of, there is no necessity to discuss the exceptions reserved in this connection. The case in the court below presented a question of fact only, and the verdict of the jury must perforce stand.

▆ The refusal of charge 2 was without error. Section 5573, Code 1923; Wallace v. State, 16 Ala. App. 85, 75 So. 633. These authorities also render innocuous the exceptions reserved to the oral charge of the court.

There being no reversible error in any of the rulings of the court, and the record being regular in all things, the judgment of conviction appealed from will stand affirmed.

Affirmed.