(122 So. 698)

### THARPE v. STATE.   (6 Div. 551.)

Court of Appeals of Alabama.   May 7, 1929.

Rehearing Denied May 21, 1929.

Windham & Countryman, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant was indicted on a charge of transporting prohibited liquors in quantities of more than five gallons. On the trial the court charged the jury that included in the indictment was a charge of an attempt, and if the jury believed from the evidence that the defendant did not transport the liquor, but that he unlawfully attempted to do so, and if they were so convinced from the evidence beyond a reasonable doubt, they should so find. There was a verdict finding the defendant guilty of an attempt, and judgment was rendered accordingly.

An attempt within the meaning of the criminal law is an attempt to commit an act which in itself is a crime, coupled with an overt act which falls short of 'the accomplishment of the thing intended. Burton v. State, 8 Ala. App. 295, 62 So. 394; Jackson v. State, 91 Ala. 55, 8 So. 773, 24 Am. St. Rep. 860; Johnson v. State, 1 Ala. App. 102, 55 So. 321.

In this case the defendant was found in possession of a quantity of prohibited liquor in excess of five gallons. It was in an automobile on the side of a public road. The car would not run because the battery had failed, and defendant was awaiting another battery. It was defendant's liquor; he admitted it; it was in a vehicle used in transportation; presumably defendant had put the liquor in the car, inferentially to carry it somewhere; the car stopped, or would not start, which alone prevented a consummation of the act of transporting. These facts warranted the verdict of the jury.

The court did not commit reversible error in charging the jury: "There is no law against transporting less than five gallons of prohibited liquor. There is a law against having in your possession, or in the possession of anybody in this county, any quantity of liquor, if it be a mouthful, or teaspoonful, or quart or pint, or up anywhere less than five gallons; and you could convict him of having in his possession prohibited liquors, if the proper charge was filed against him or brought in court against him. But in this particular case he is not charged with having prohibited liquor in his possession; he is charged with transporting and attempting to transport as much or more than five gallons of prohibited liquor." This part of the charge correctly states the law and was used by the judge to make clear to the jury that they were not authorized to convict the defendant of one charge when he was indicted for another.

Other exceptions reserved to rulings of the court on the trial are without merit.

There is no error in the record, and the judgment is affirmed.

Affirmed.