(125 So. 783)
## FOX v. STATE.   (6 Div. 658.)

Court of Appeals of Alabama.   Jan. 21, 1930.

R. M. Montgomery, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.   The evidence in the case consisted of the testimony of one witness which tended to prove the state's case. At the request of the state in writing the court gave this charge:

"I charge you gentlemen of the jury that if you believe the evidence in this case beyond a reasonable doubt that this defendant Hattie Fox was transporting liquors or beverages, the sale, possession or transportation of which is prohibited by law in Alabama, and subsequent to November 6, 1927, and within the jurisdiction of this court, then you must find the defendant guilty as charged in the indictment.

"Given, Gardner Goodwyn, Judge."

The prosecution was under Acts 1927, p. 704, wherein it is made a felony to transport certain liquors in quantities of five gallons or more. The charge given in this case requires a conviction, if defendant transported liquors, regardless of the quantity. The law fixes the minimum amount and a charge which ignores this should be refused. Tharpe v. State (Ala. App.) 122 So. 698; [1] Holt v. State, 16 Ala. App. 399, 78 So. 315. Moreover, there were inferences to be drawn from the testimony whereby the jury, in the absence of the charge, might have concluded that the venue was in a different section of the county. The giving of the charge for the state was error.

Reversed and remanded.

(125 So. 790)
## GRANT v. STATE.   (3 Div. 652.)

Court of Appeals of Alabama.   Jan. 21, 1930.

Edward T. Graham, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.   The court has read the entire record and bill of exceptions, considered, and decided, the questions controlling the disposition of the appeal, in this case, sitting en banc.

We are of the opinion, and hold, that the evidence adduced upon the trial of appellant was insufficient, under the established and well-known rule, prevailing in this state, to sustain the verdict of guilt returned by the jury, or the judgment of conviction rendered thereon.  Cobb v. Malone, etc., 92 Ala. 630, 9 So. 738.

For the error in overruling appellant's motion for a new trial, the judgment must be, and is, reversed, and the cause remanded.

In the event of another trial, we might observe that it was error to admit testimony of prior losses of property by the party from whom appellant was alleged to have stolen the property involved in this prosecution, said prior losses shown to bear no relation to the offense here alleged and in question.

Reversed and remanded.

[1] Ante, p. 193.