(132 So. 48)

## JARNIGAN v. STATE.
### 8 Div. 937.

Court of Appeals of Alabama.

June 30, 1930.

Rehearing Denied Aug. 19, 1930.

Remanded on Mandate Jan. 13, 1931.

**154**

Almon & Almon, of Florence, and J. Foy Guin, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

Appellant was tried and convicted upon an indictment which charged him with the offense of transporting liquors in quantities of five gallons or more, the sale, possession, or transportation of which was prohibited by law at the time of the passage and approval of the act of the Legislature which made it a felony. Acts 1927, p. 704.

Several witnesses for the state and defendant were examined upon the trial. From this evidence we ascertain there is no dispute about the fact that the defendant when arrested by the officers was then and there transporting in an automobile along the highways of Franklin county, Ala., the keg of whisky in question.

The main question in dispute is the quantity of whisky contained in the keg in defendant's automobile which he was driving at the time. The Sheriff and his deputies who were present testified they accurately measured the whisky and that the keg contained something more than 9½ gallons. By his witnesses, the defendant contended that there were only 4½ gallons of whisky in the keg; that he measured it in the presence of his wife and her brother-in-law, and they testified that the keg contained only four and a half gallons when the appellant left his home with it, stating, "he was going to meet a man." He was apprehended and arrested by the officers at or near Shiloh Church, some four or five miles from his home.

Thus it will be seen that this appellant admittedly did transport whisky in an automobile along the public highways in Franklin county. The vital question in the case relates to the *quantity* he was so transporting. On this question the evidence, as stated, was in sharp conflict. That for the state tended to show the quantity was 9½ gallons; that for the defendant only 4½ gallons. This conflict presented, of course, a question for the jury to determine.

The law is, if the quantity of whisky transported by appellant as aforesaid consisted of five gallons, or more, under the statute, supra, he thereby committed a felony, and upon conviction therefor must suffer imprisonment in the penitentiary for a period of not less than one nor more than five years.

On the other hand, if the quantity of whisky transported was *less than five gallons*, no conviction could be had, upon the indictment framed under this statute, for any offense, and if under such indictment it is ascertained that *less than five gallons* was the quantity transported, the accused would be entitled to his discharge.

The indictment aforesaid describes and charges a single, indivisible crime without degrees, and therefore embraces no other offense than the specific offense charged. And where a crime is single and indivisible and includes in it no lower grade of offense, as here, there could be no conviction of any crime other than that specially charged.

Section 8697 of the Code 1923 provides, "When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto," etc. The foregoing section has no application to the offense here charged for the reasons stated.

There appear in the transcript several documents purporting to be written charges, but as they bear no indorsement "given" or "refused" by the trial judge, as the statute requires, they cannot be so regarded and will not be considered. The statement of the clerk to the effect that, "said charges in writing were requested by the defendant which charges the court refused," is not a compliance with the statute. Code 1923, § 9509; Batson v. State, 216 Ala. 275, 113 So. 300.

Appellant insists that the court erred in allowing the state to examine witnesses in rebuttal upon questions which were involved and pertinent only on the direct examination, and insists that the court should have confined the state, on rebuttal, to such evidence only as was clearly in rebuttal. This insistence is in line with the usual practice and procedure, but the question involved was wholly within the discretion of the trial court; hence error will not be predicated thereon.

We are of the opinion that the accused was accorded a fair and impartial trial, and that no prejudicial error intervened. There was ample evidence to justify the jury in the verdict rendered.

Affirmed.

### On Rehearing.

On rehearing appellant insists that the judgment of conviction is totally void, in that two minimum terms of imprisonment are fixed and no maximum term. We accord no merit to this insistence, it being clearly apparent that the discrepancy complained of is a mere clerical misprision and is self-corrective. Moreover, the matter complained of has no connection whatever with the adjudication of guilt. It appears affirmatively that this appellant was duly and legally adjudged guilty by the court. If the misprision so earnestly insisted upon was of sufficient import to be seriously considered, it could in no event be referable to the judgment of conviction, as contended, but would relate only to the sentence imposed; and under the law the alleged imperfection could be remedied here or by remandment for that purpose only to the court below. It is sufficient as it appears in the record and the insistence in this connection is untenable.

Appellant complains also that the proof did not show whether the "liquor" admittedly transported by him was intoxicating or not; or such as is prohibited by law. This insistence is a mere quibble. The liquor transportation was referred to generally as "liquor" by the several witnesses. It was also designated several times as "wild cat white liquor," and by defendant's witnesses as whisky. The evidence on this matter was a question for the jury. We think it must be conceded that the term "wild cat white liquor" is generally understood to be illicit rum, or whisky, and a court or jury would be entirely out of line with the general public if they were not possessed with this knowledge. Lawyers may not be thus enlightened, but we doubt, in this day and time, if a court, or jury, quite so obtuse could be found. Whisky is judicially known as an intoxicating liquor.

Application for rehearing overruled.

### PER CURIAM.

Remanded for proper sentence on authority of Jarnigan v. State (8 Div. 241), 222 Ala. 143, 131 So. 50.