(132 So. 50)

### OVERTON v. STATE.

8 Div. 133.

Court of Appeals of Alabama.

June 30, 1930.

H. H. Hamilton, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

### BRICKEN, P. J.

The indictment in this case was for the alleged violation of the so-called "five-gallon law," and was framed under the provisions of an act of the Legislature approved September 6, 1927 (Gen. Acts 1927, p. 704). Said act is entitled: "An Act to prohibit the transportation of any of the liquors or beverages, the sale or possession, or transportation of which is now prohibited by law in Alabama, in quantities of five gallons or more, and to fix a penalty therefor." The penalty provided is imprisonment in the penitentiary for not less than one year, nor more than five years. Thus the violation of said act is made a felony.

■ On the main trial of this case the state introduced two witnesses only, Floyd

Turbyfill, and his father, Pink Turbyfill, at whose instance this prosecution originated, both of whom, by their own admissions, were accomplices, if indeed any offense had been committed, and upon the testimony of these two witnesses the state rested its case; whereupon the defendant moved to exclude all the testimony on the grounds that the evidence affirmatively showed without dispute that each of the two state witnesses were admittedly the accomplices, and there was no other evidence to corroborate the testimony of said witnesses in any manner and none tending to connect the defendant with the commission of the offense. The court overruled the motion and in so doing committed reversible error. Mere reference to the statute, section 5635, Code 1923, is sufficient. No other discussion of this point of decision is necessary. The grounds stated by defendant's counsel were borne out by the record, and the court should have promptly discharged the defendant as the law requires.

The trial proceeded, and resulted in the conviction of this appellant of the offense of having "liquor" in his possession. The verdict of the jury appears as follows: "We the jury find the defendant guilty of having liquor in his possession and fix his fine at $350.-00." Upon this verdict the court attempted to pronounce judgment. We pretermit a discussion of the insufficiency of this attempted judgment, although appellant presents the question. It is not necessary to the decision of this case.

The crime charged by the indictment in this case is, as stated, a felony; and as will be hereinafter shown is single and indivisible and includes in it no lower grade of offense. As a consequence, there could be no conviction upon this indictment of any other crime than that specially charged. This has been specifically held in the case of Tharpe v. State, 23 Ala. App. 193, 122 So. 698, certiorari denied 219 Ala. 431, 122 So. 699; Fox v. State, 23 Ala. App. 371, 125 So. 783; Cleveland Jarnigan v. State, post, p. ——, 131 So. 48.

The trial court in this case improperly instructed the jury, in several instances, they would be authorized under this indictment to convict this appellant of the lesser offense of violating the prohibition law, if the evidence adduced under the required rules failed to show that the quantity of inhibited liquor transported was less than five gallons. Manifestly the verdict of the jury was based upon this erroneous instruction. The crime for which this appellant was committed is variant from any charge or accusation in the indictment, and therefore the conviction cannot stand. This contention was properly and insistently made to the lower court, and each of the court's rulings in this connection constituted reversible error.

Numerous other insistences of error are presented. Some of them are well founded; but from the order here disposing of this case finally, which is necessary, there is no need to discuss these several points of decision.

The judgment of conviction from which this appeal was taken is reversed. From what has been herein said the appellant is entitled to his discharge. A judgment is here rendered discharging him from further custody in this proceeding.

Reversed and rendered.