(132 So. 50)

### JARNIGAN v. STATE.

#### 8 Div. 241.

Supreme Court of Alabama.

Dec. 4, 1930.

J. Foy Guin, of Russellville, for petitioner.

Charlie C. McCall, Atty. Gen., for the State.

SAYRE, J.

Petitioner was convicted of violating the Act of September 6, 1927 (Acts, p. 704), which prohibits the transportation of liquors "in quantities of five gallons or more." The sentence pronounced upon petitioner was that he "be imprisoned in the penitentiary of the State of Alabama for a term of not less than two years and not less than two years and six months," etc.

The court here does not concur in the opinion that "the discrepancy complained of," in that part of the sentence which we have quoted, "is a mere clerical misprision and self corrective." We may very readily conceive that the form of this sentence is the result of mere inadvertence somewhere; but the record must be accepted at its face value; the court cannot assume a meaning not expressed by the sentence. A sentence must not be ambiguous. It must be clearly expressed. 16 Corpus Juris, 1304. "Uncertainty, inconsistency in the record, renders the judgment or sentence erroneous." Bradley v. State, 69 Ala. 321. The sentence under

review is uncertain, inconsistent, and erroneous.

We find no other error of which complaint is made on this application.

The cause will be remanded to the Court of Appeals in order that it may remand the cause to the trial court, where a proper sentence will be pronounced.

Writ awarded.

All the Justices concur.