4 So.2d 429

### REYNOLDS v. STATE.

### 8 Div. 91.

Court of Appeals of Alabama.

June 24, 1941.

Rehearing Denied Oct. 7, 1941.

F. E. Throckmorton, of Tuscumbia, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant was jointly indicted with two others, not on trial, charged with the offense of the unlawful possession of a still, etc., to be used for the purpose of manufacturing alcoholic, spirituous, malted or other prohibited liquors or beverages, contrary to law, against the peace and dignity of the State of Alabama.

Upon the trial the corpus delicti was proven by the evidence without dispute or conflict. Said evidence tended to show that this appellant was at the still when the "raid" by the several officers was made. This, the defendant did not deny, but undertook to explain his presence at the still by stating it was for the purpose of getting a drink of beer.

At the approach of the officers the three men present, one of which was this appellant, ran and endeavored to escape, but were captured and brought back to the still. As to this appellant, the State witnesses testified he was stirring the beer in one of the barrels with a paddle. These witnesses also testified when this appellant was captured and returned to the still he stated "that he was doing that to make a living." The defendant denied that he was stirring the beer, also, denied that he made the statement above quoted.

Numerous special written charges were requested, a large number of them were purported to have been given; likewise, a large number were purported to have been refused by the trial court. As all of these special written charges appear in the record, none of them bear any endorsement whatever of the trial judge,

therefore nothing in this connection is presented for review. These purported special written charges appear in the record under the statement of the Clerk as "Special given charges;" and, "Special refused charges," but, as stated, none of said purported charges bear any endorsement of the trial court, and the above statement of the Clerk cannot be considered as a compliance with the provisions of Section 9509 of the Code 1923, Code 1940, Tit. 7, § 273. Jarnigan v. State, 24 Ala.App. 153, 132 So. 48, Alabama Digest, Criminal Law, ☞1086(14).

The motion for a new trial is not presented for review, it appearing only in the record proper and no mention thereof is incorporated in the bill of exceptions. It is essential to the right to review a ruling on a motion for a new trial that the evidence and ruling thereon shall be incorporated in the bill of exceptions. Alabama Digest, Criminal Law, ☞1124(4). Moreover, in the instant case, the motion of a new trial is based principally upon grounds de hors the record.

We are clear to the conclusion that the evidence in this case presented a jury question, and that it was ample to support the verdict of the jury and the judgment of conviction pronounced and entered.

Affirmed.

SIMPSON, J., not sitting.