22 So.2d 350

## TATUM v. STATE.
### 4 Div. 754.

Court of Appeals of Alabama.

May 22, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

Alto V. Lee, III, and W. Perry Calhoun, both of Dothan, for appellant.

CARR, Judge.

Appellant was convicted on a charge of vagrancy—allegedly that he was a common drunkard. Subsection (5), Section 437, Title 14, Code 1940.

The terms "common drunkard" and "habitual drunkard" are often used interchangeably and are by many courts considered to be synonymous. Each term is taken to define a characteristic of a person who drinks intoxicating liquors to the extent of getting drunk and this excessive indulgence occurs with habitual frequency. Or, in the language of the trial judge in his oral charge to the jury: "A common drunkard is a person whose general rule of life is that of drunkenness, drinking, continuous drinking, sobriety being the exception. I mean sobriety being an exception to his general rule, his general rule of life being that of drinking." 28 C.J.S., Drunkards, § 1, p. 540; State ex rel. Attorney General v. Savage, 89 Ala. 1, 7 So.

183; State ex rel. Attorney General v. Robinson, 111 Ala. 482, 20 So. 30.

It will serve no good purpose to set out an analysis of the testimony in the case at bar. Clearly and unquestionably the evidence supplies sufficient basis for the verdict of guilt.

We will not disturb the judgment of the lower court in overruling the motion for a new trial. Davis et al. v. State, 29 Ala.App. 421, 198 So. 153, Certiorari Denied 240 Ala. 160, 198 So. 155.

It was not error for the court below to sustain the objections of the solicitor to an inquiry from appellant's attorney to a State's witness as to whether or not appellant had within twelve months just prior paid a fine for public drunkenness. Nor was it error to disallow an answer to a question propounded to appellant seeking to ascertain whether he had ever been convicted of public drunkenness. The mandate of the statute prohibiting public drunkenness requires proof that the alleged offender, while intoxicated, appeared in a public place, or at or within the curtilage of a private residence not his own, where one or more people were present and manifested his or her drunken condition by boisterous, or indecent conduct, or loud and profane discourse. Title 14, Sec. 120, Code 1940; Pettus v. State, 26 Ala.App. 347, 159 So. 502.

Under the charge in the instant case it was not required to prove as a necessary element of the offense that appellant had offended the statute just cited above, and surely whether he had ever paid a fine or been convicted for public drunkenness was beside the issues.

The court below sustained objections of the solicitor to the following question addressed to the defendant: "Tell the jury about the times that the officers have been to your home to get you for drunkenness and what became of the cases."

The question assumes that cases were made against the defendant. It was a matter of no material concern in the prosecution of the cause at bar what disposition may have been made of other cases, if, in fact, they were instigated. Moreover, appellant related in detail the history of his conduct with relation to excessive drinking, his frequent contacts with the police officers, and the outcome of cases made against him in the courts. This testimony evidences a suitation that at times would become alarming to appellant's parents, and the officers would be called to lend aid to prevent threatened trouble. We are not impressed that there was any effort on the part of any of the officers to persecute or prosecute the defendant. The contrary clearly appears. One of the officers testified that he had seen appellant drunk thirty or forty times within the twelve months just prior to the trial—the basis for this appeal.

Defendant's counsel registered other objections during the introduction of the testimony. However, when the rulings were against him he neglected to interpose exceptions. In this state of the record we will not review the questions attempted to be raised. Le Nier v. State, 19 Ala.App. 227, 96 So. 459; Hooten v. State, 22 Ala. App. 334, 115 So. 692.

Complaint is made in brief of counsel for appellant because the trial court imposed a hard labor sentence in addition to the fine fixed by the jury. In this the court did not exceed his authority under the statute. Cleghorn v. State, 23 Ala.App. 37, 121 So. 435. Very likely the wisdom of the experienced nisi prius judge prompted him to take this action for the purpose and in the hope that it might serve as a means of breaking the chains of the drink habit that unquestionably had so firmly bound the defendant.

The judgment of the lower court is due to be affirmed, and it is so ordered.

Affirmed.