54 So.2d 87

### HOWARD et al. v. STATE.

4 Div. 155.

Court of Appeals of Alabama.
Aug. 21, 1951.

Patterson & Patterson, Phenix City, for appellants.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

PRICE, Judge.

Under an indictment charging robbery, appellants were convicted of grand larceny and were each sentenced to the penitentiary for a term of three years.

Present counsel for appellants did not represent the defendants at the trial in the lower court.

The affirmative charge was not requested, nor was there a motion for a new trial. Therefore, the sufficiency of the evidence to support the conviction is not presented for our review. Williams v. State, 31 Ala.App. 48, 11 So.2d 870; Cham-

bers v. State, 31 Ala.App. 269, 15 So.2d 742, certiorari denied 245 Ala. 113, 15 So.2d 744; Lockwood v. State, 33 Ala.App. 337, 33 So.2d 401; Shealey v. State, ante, p. 70, 54 So.2d 311.

In some instances during the trial there was no ruling by the court upon objections interposed to the admission of evidence. Selvage v. State, 29 Ala.App. 371, 196 So. 163; Thomas v. State, 150 Ala. 31, 43 So. 371; Dowling v. State, 151 Ala. 131, 44 So. 403; Arant v. State, 232 Ala. 275, 167 So. 540.

When the rulings of the court were adverse to them defendants reserved no exceptions. Le Nier v. State, 19 Ala.App. 227, 96 So. 459; Hooten v. State, 22 Ala. App. 334, 115 So. 692; Tatum v. State, 32 Ala.App. 128, 22 So.2d 350.

At the conclusion of the examination of the officers Charlie Thompson, Jeff Dudley and Albert Fuller, who testified to certain statements by the defendants while in jail, defendants moved the exclusion of such testimony on the ground the statements were involuntary. The testimony was admitted, without objection, after proper predicate was laid. The motion to exclude came too late. See 6 Ala. Digest, Criminal Law, ⊕696(5).

Insistence is made by appellants that after conviction and before sentence was imposed, the trial court stated to defendants: "The jury has given you all three years and if you will accept that sentence I'll let it stand, but if you take an appeal I'm going to give you ten years." After a conference with their attorney, and on his advice, defendants decided to take the three-year sentence.

The appellants now urge that such alleged action on the part of the court constituted reversible error.

The only reference to such alleged statement by the court, except appellants' brief, is the ex parte affidavit of William Henry Clark, father of one of the appellants, attached to the petition to this court for suspension of execution of judgment and for bail pending appeal. Such petition is not a part of the record in this case, therefore, nothing is presented for review by this court. James v. State, 246 Ala. 617, 21 So.2d 847; King v. State, 32 Ala.App. 134, 22 So.2d 448; Wetzel v. State, 32 Ala. App. 32, 21 So.2d 557.

The court had the right to disregard that part of the verdict imposing punishment and to fix the punishment for a term of from 1 to 10 years as authorized by law. Ex parte Morrissette, 200 Ala. 488, 76 So. 430; Martin v. State, 125 Ala. 64, 28 So. 92.

Moreover, in reviewing sentences, this court indulges all reasonable presumptions in favor of the action of the lower court. Yates v. State, 31 Ala.App. 362, 17 So.2d 776; Robertson v. State, 29 Ala.App. 399, 197 So. 73.

There being no reversible error in the record, the judgment of the circuit court is affirmed.

Affirmed.