Affirmed on authority of Champion **v.** State, ante, p. 10, 95 So.2d 803.

95 So.2d 807

### Idella ABERNATHY

v.

### STATE.

### 7 Div. 437.

Court of Appeals of Alabama.

Oct. 9, 1956.

95 So.2d 800

### Ralph CHAMPION

v.

### STATE.

### 7 Div. 433.

Court of Appeals of Alabama.

Oct. 9, 1956.

Rehearing Granted Dec. 18, 1956.

**14**

John Tucker, Jr., Birmingham, Hayden Rector, Mobile, and H. R. Burnham, Anniston, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appeal in this case was on the record proper and was affirmed without an opinion.

On rehearing we have reached the conclusion that the judgment of conviction must be reversed and the cause remanded.

The indictment charged defendant with transporting "in quantities of five gallons or more, prohibited liquors or beverages, contrary to law," etc.

The judgment recites: "Came the defendant in his own proper person and by attorney, and the said defendant being duly arraigned upon the said charge, for his plea thereto says guilty of violating the prohibition law. Thereupon this cause being submitted to the Court it is considered by the Court that the defendant is guilty of violating prohibition law and assesses a Fine of $200.00 and 30 days hard labor as a penalty therefor."

In Overton v. State, 24 Ala.App. 8, 132 So. 50, 51, the court said of an indictment framed under the statute prohibiting the transportation of prohibited liquors in quantities of five gallons or more, now Sec. 187 of Tit. 29, Code:

"The crime charged by the indictment in this case is, as stated, a felony; and as will be hereinafter shown is single and indivisible and includes in it no lower grade of offense. As a consequence, there could be no conviction upon this indictment of any other crime than that specially charged. This has been specifically held in the case of Tharpe v. State [23 Ala.App. 193], 122 So. 698, certiorari denied 219 Ala. 431, 122 So. 699; Fox v. State [23 Ala.App. 371], 125 So. 783; Jarnigan v. State (Ala.App.), 132 So. 48."

It affirmatively appears from the judgment that defendant did not interpose a general plea of guilty to the offense charged in the indictment, which was a felony, but that he plead guilty to some charge referred to as a violation of the prohibition law, and was sentenced as for a misdemeanor. Under the above cited authorities the indictment included no lower grade of offense, therefore since the record sustains the contention of the defendant that he did not plead to the indictment, the judgment must be reversed and the cause remanded. Childs v. State, 97 Ala. 49, 12

So. 441; Chesnut v. State, 35 Ala.App. 376, 47 So.2d 248.

Reversed and remanded. Rehearing granted.