132 So.2d 264

**Thomas A. RYAN**

v.

**STATE.**

**2 Div. 42.**

Court of Appeals of Alabama.

June 30, 1961.

"When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

■ As Coleman, J., noted in Champion v. State, 266 Ala. 283, 95 So.2d 801, there is in certain crimes, including the one for which Ryan stands accused, a permissible verdict of guilt of an attempt. No separate count of attempt is now required to support such a verdict. Code 1940, T. 14, § 42, which first appeared in the 1907 Code, reads:

"Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt."

The opinions in Jarnigan, supra, and Tharpe v. State, 23 Ala.App. 193, 122 So. 698, were considered by our Supreme Court without disapproval of the instant principle. Jarnigan v. State, 222 Ala. 143, 132 So. 50; Tharpe v. State, 219 Ala. 431, 122 So. 699.

The Overton rule has stood for thirty-one years during which there have been twelve regular sessions of the Legislature, including one at which the 1940 Code was adopted. While the Overton reasoning may not be conceptually correct from a strictly logical viewpoint, nevertheless the arguments for stare decisis et non quieta movere outweigh any theoretical benefits which might accrue from unsettling it.

The instant case is admittedly a poor vehicle to bear this burden. However, to affirm the judgment below would be judicial innovation.

No attorney marked for appellant.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

■ This appellant appeals from a judgment of guilty of "possessing illicit liquors as charged in the indictment," rendered on a plea of the same tenor.

However, in the indictment Ryan was charged with transporting prohibited liquors in quantities of five gallons or more.

In Jarnigan v. State, 24 Ala.App. 153, 132 So. 48, and Overton v. State, 24 Ala.App. 8, 132 So. 50, this court, per Bricken, P. J., held that an indictment under the "five gallon law" charged an indivisible crime which admitted of conviction of no lesser included offense. Judge Bricken's opinions gave regard to what is now Code 1940, T. 15, § 323, which provides as follows:

Since we conclude that Ryan's plea of guilty of possession was the same as no plea, the cause is due to be remanded.

Reversed and remanded.