DeCARLO, Judge.
This is an appeal from the circuit court of Russell County and is submitted to this court for review on brief of appellant and “notice of intention not to file brief” by appellee.
The appellee’s “notice” reads, in pertinent part, as follows:
“. . .in view of the fact that the defendant appears to be indicted for unlawful possession of phencyclidine and was allowed to plead guilty to the unlawful possession of marijuana, as shown by the amended judgment entry, the State must respectfully decline to file a brief herein. . . . ”
Briefly, the facts are that the appellant, James Edward Thomas, was indicted by the Russell County Grand Jury during its winter term of 1977. At arraignment, on April 28, 1978, appellant entered a plea of not guilty, but on May 17, 1978, Thomas executed an Ireland form, which indicated he wished to plead guilty to the offense of unlawful possession of marijuana. On June 23, 1978, appellant was sentenced to two years imprisonment in the penitentiary and his application for probation was denied.
The alleged error which gives rise to this appeal concerns the variance between the indictment and the offense to which the plea was made.
The indictment, omitting the formal parts, reads as follows:
“The Grand Jury of said County charge that before finding of this Indictment James Edward Thomas did, while at or near 2318 Eighth Place, Phenix City, Russell County, Alabama, unlawfully possess phencyclidine, a controlled substance, in violation of Act Number 1407 of the 1971 Regular Session of the Alabama Legislature, otherwise known as the Alabama Uniform Controlled Substances Act, and that such possession took place subsequent to September 16, 1971. . . .”
As can be seen from the foregoing, appellant was indicted for the unlawful possession of phencyclidine, but pleaded guilty to unlawful possession of marijuana. He contends that it was error for the trial court to accept the plea because it was for possession of a substance not named in the indictment.
The Ireland form executed by appellant and the in-court examination of appellant conducted by the trial judge specifically alluded to the offense of possession of marijuana, as follows, from the record:
“THE COURT: This is Case Number 67-24, James E. Thomas and he is up here on violation of the Alabama Uniform Controlled Substance Act; that is, possession of narcotics. Are you familiar with that charge; do you know what you are charged with?
“THE COURT: This charge of a violation of the Alabama Uniform Controlled Substance Act, it is narcotics but it is my understanding that you were charged with having marijuana, do you understand that?”
Thus, no contention can be made that the court did not comply with requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, the indictment did not charge possession of marijuana, but possession of phencyclidine.
A plea of guilty is “only an admission of record of the truth of whatever is sufficiently charged in the indictment, and does not prevent a defendant from taking advantage of error or defects apparent of record.” Camp v. State, Ala.Cr.App., 359 So.2d 1187.
Also, a plea of guilty must be “in form and substance to fit the indictment.” Woodard v. State, 42 Ala.App. 552, 171 So.2d 462. See also Champion v. State, 39 Ala. App. 13, 95 So.2d 800, in which the indictment charged a felony and the defendant interposed a plea of guilty “to some charge referred to as a violation of the prohibition law, and was sentenced as for a misdemean- or.”
Further, in Champion, supra, the court stated:
*73 “Under the above cited authorities the indictment included no lower grade of offense, therefore since the record sustains the contention of the defendant that he did not plead to the indictment, the judgment must be reversed and the cause remanded.”
In the present case, the specific crime charged by the indictment is possession of phencyclidine, in violation of the Alabama Uniform ControlledSubstances Act, and that charge includes no lower grade of offense. As a consequence, no conviction could be predicated upon this indictment for any crime other than that specifically charged. Further, it is clear that appellant could not have pleaded guilty to possession of marijuana, an offense that was not specifically set out in the indictment.
We are of the opinion that the judgment should be reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.