BOWEN, Judge.
Norwood was indicted for assault in the first degree. Alabama Code 1975, Section 13A-6-20(a)(l). A jury found him guilty of second degree assault. Sentence was ten years’ imprisonment.
Norwood alleges that he was sentenced under Alabama’s new statute which en *1352 hances punishment for the use of a firearm or deadly weapon. Alabama Code 1975, Section 13A-5-6(a)(5) (effective May 27, 1982). He argues that assault in the second degree already provides enhanced punishment for the use of a deadly weapon in the commission of the assault. This, he contends, violates Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1981), holding that a statute authorizing enhanced punishment for a crime with a firearm may not be applied to a defendant charged with a crime which already carries an enhanced punishment for the use of a weapon.
Busic held that a court must give precedence to a statute which defines the penalties for the use of a firearm in assaulting a federal officer over a statute which authorizes enhanced penalties for the use or possession of a firearm while committing any federal felony. See also Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), holding that a court must give precedence to a statute that enhances the penalty for a bank robbery committed with a firearm over a statute that enhances the penalty for any felony committed with a firearm even though the general statute was enacted subsequent to the specific statute.
The defendant was convicted of assault in the second degree which is a class C felony (Section 13A-6-21(b)) carrying a sentence of “not more than 10 years or less than 1 year and 1 day.” Section 13A-5-6(a)(3).
The 1981 amendment to Section 13A-5-6,. the felony sentencing statute, added subsections (4) and (5). Subsection (5) provides for a sentence of not less than 10 years “for a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of a felony.”
Since the defendant was actually sentenced to ten years it is impossible to determine whether he was sentenced to the maximum term of imprisonment for a straight Class B felony (Section 13A-5-6(a)(2)) or whether he was sentenced to the minimum term under the enhancement provision (Section 13A-5-6(a)(5)). The only evidence in this regard occurred at the sentencing hearing and is ambiguous at best.
“MR. MASSEY (Defense Counsel): It’s my understanding from my discussions with the District Attorney that the Court intends or feels that it is impelled to use the enhancement statute—
“THE COURT: —The Court has never made that statement. The only statement that the Court would make for the record is the Court will sentence this defendant pursuant to the applicable laws of the State of Alabama.”
This Court “cannot assume a meaning not expressed by a sentence.” Jarnigan v. State, 222 Ala. 143, 132 So. 50 (1930). “On appeal the judgment of the primary court is presumed to be correct.” Hopkins v. State, 51 Ala.App. 510, 514, 286 So.2d 920 (1973). In reviewing sentences on convictions this Court will indulge all reasonable presumptions in favor of the trial court. Howard v. State, 36 Ala.App. 191, 192, 54 So.2d 87 (1951). “(O)n appeal we presume that the trial court in imposing such sentence acted wholly within the law.” Yates v. State, 31 Ala.App. 362, 363, 17 So.2d 776, cert. denied, 245 Ala. 490, 17 So.2d 777 (1944).
“The oft repeated and universal principle of law that error must affirmatively appear, otherwise the judgment stands, is applicable to this case. It cannot be affirmed that error is manifest here. It is a general rule of wide application that the reviewing court will indulge all reasonable presumptions in favor of the correctness of the judgment from which the appeal is taken for the purpose of sustaining the action of the lower court. 5 C.J.S., Appeal and Error, page 262, Section 1533 et seq.; and as a general rule presumption unfavorable to the judgment and for the purpose of reversing it will not be indulged; moreover, ‘where the record is silent, it will be presumed that what ought to have been done was not *1353 only done, but was rightly done.’ 3 Am. Jur. p. 489, section 923.” Robertson v. State, 29 Ala.App. 399, 400, 197 So. 73, cert. denied, 240 Ala. 51, 197 So. 75 (1940).
As a matter of law, this Court cannot review the propriety of a sentence which was within the statutory limits. Butler v. State, 344 So.2d 203, 205 (Ala.Cr.App.1977). “When punishment is imposed within the limits defined by the punishing statute, we have no jurisdiction to review such.” Brown v. State, 392 So.2d 1248, 1265 (Ala.Cr.App.1980), cert. denied, Ex parte Brown, 392 So.2d 1266 (Ala.1981). Although the defendant argues that he was sentenced under the wrong subdivision of the punishing statute, the record does not support his contention.
The record does not show that the defendant was subjected to “double punishment” for the same offense. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.