TYSON, Judge.
James Ron McCullough was charged by indictment with the first degree robbery of Complete Package Food Stores, Inc., by use of force through presenting a pistol to the person of one Janice M. Barrett and removing some $271.27 from her possession while so armed, contrary to § 13A-8-41, Code of Alabama 1975. The jury found the appellant guilty of robbery in the first degree as charged and at a sentencing hearing, the trial judge set sentence at 20 years’ imprisonment pursuant to the provisions of § 13A-5-6(a)(4), Code of Alabama 1975 as amended.
On November 20, 1981, Mrs. Janice Barrett was employed at the Compac Food Store on Three Notch Road and Gunn Road, Mobile, Alabama, working the eleven to seven shift in the evening. Another employee named Roberta Gird was also on duty in the store with her. That night the appellant, James Ron McCullough, entered the store accompanied by another young white male, walked up to the cash register *399 and pointed a pistol in Mrs. Barrett’s face. She was directed to place the proceeds of the cash register in a paper bag, the appellant stating to her, “I’m serious. This is a robbery.” He further stated, “Do as you are told and no one will be hurt.”
The proceeds were turned over to the appellant and after the two young men left the store a call was made to police headquarters and a description of the vehicle and the two young white males given to the officers.
Mobile Police Detective Harold Donald was driving with his companion, Officer Baker, when they received the call to go to the store in question. While driving toward the store they encountered a vehicle, being a white Chevrolet, matching the description of the vehicle used in the robbery and occupied by three white males. The officers gave chase and stopped the vehicle which the appellant was driving. A small handgun which contained three live rounds and one blank was found, together with some $271.27 which had just been removed and was in a paper bag. A metal change box was also recovered.
At trial the two women working in the store positively identified the appellant in court as being the party who had the weapon and who robbed them on the night in question.
I
The sole issue raised on appeal is with reference the punishment herein imposed pursuant to the provisions of § 13A-5-6(a)(4), Code of Alabama 1975 as amended. The trial judge indicated that it was mandatory for him to impose a'20 year sentence under this statute.
At the sentencing hearing, counsel for the appellant specifically objected and excepted to the trial court’s action in proceeding under this enhancement statute and imposing a 20 year sentence in the case at bar. Record 137-141.
On appeal, the appellant’s counsel urges this court to reverse the action of the trial court by stating that to invoke the enhancement provisions of the Alabama Statute herein referred to is to impose two punishments for thé same crime, thus violating the double jeopardy provisions of the United States Constitution.
This issue has not been spoken to directly by the appellate courts of Alabama. In reviewing the constitutionality of a statute in Alabama, we find the following language by Mr. Justice Bloodworth in Hamilton v. Autauga County, 289 Ala. 419, 268 So.2d 30 (1972), to be helpful:
“It is well established in our law that, ‘In the interpretation of statutes, the legislative will is the all important or controlling factor, and it has been frequently stated, in effect, that the intent of the legislature , constitutes the law_’ Weill v. State, ex rel. Gaillard, 250 Ala. 328, 333, 34 So.2d 132, 136 (1948). 18 Ala. Digest, Statutes, Key 181(1).
“And, this court has also held that, ‘... We can only learn what the Legislature intended by what it has said and have no right ‘to stray into the mazes of conjecture or search for an imaginary purpose.’ Holt v. Long, 234 Ala. 369, 372, 174 So. 759, 761 (1937).”
In construing this same statute with reference to an assault conviction, Judge Bowen, speaking for this court in Norwood v. State, 424 So.2d 1351 (Ala.Cr.App.1982) indicated:
“This Court ‘cannot assume a meaning not expressed by sentence.’ Jarnigan v. State, 222 Ala. 143, 132 So. 50 (1930). ‘On appeal the judgment of the primary court is presumed to be correct.’ Hopkins v. State, 51 Ala.App. 510, 514, 286 So.2d 920 (1973). In reviewing sentences on convictions this Court will indulge all reasonable presumptions in favor of the trial court. Howard v. State, 36 Ala. App. 191, 192, 54 So.2d 87 (1951). ‘(O)n appeal we presume that the trial court in imposing such sentence acted wholly within the law.’ Yates v. State, 31 Ala. App. 362, 363, 17 So.2d 776, cert. denied, 245 Ala. 490, 17 So.2d 777 (1944).”
*400 The applicable provisions of § 13A-5-6(a)(4), Code of Alabama 1975, read as follows:
“(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
“(4) For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years.”
This court on at least two occasions has approved the imposition of the enhancement provisions under the above statute. See Wright v. State, 423 So.2d 345 (Ala.Cr.App.1982) and Russell v. State, 428 So.2d 126 (Ala.Cr.App.1982).
The precise issue herein raised has been answered by the Supreme Court of the United States in reviewing the pertinent Missouri statute in the case of Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
Mr. Chief Justice Burger in rejecting the double jeopardy argument stated the following:
“Where, as here, a legislature specifically authorizes cumulative punishment under'-two statutes, regardless of whether those two statutes proscribe the ‘same’ conduct under Blockburger, [Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ] a court’s task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.”
In relying on the foregoing opinions, we note that there is a clearly expressed legislative intention that an enhanced punishment is authorized for the specific conduct herein at issue. There is no error and no infringement of any constitutional right of the appellant.
This record is free of error and this case is therefore affirmed.
AFFIRMED.
All the Judges concur.