LEIGH M. CLARK, Retired Circuit Judge.
The trial court adjudged defendant-appellant guilty and sentenced him to imprisonment for twenty years upon acceptance of his plea of guilty to an indictment that charged in pertinent part:
“Michael D. Brooks, ..., in the course of committing a theft of money, ..., the property of B & D Quik Shop, threatened the imminent use of force against the person of Angie Robinson, with the intent to compel acquiescence to the taking of or escaping with the property, while the said Michael D. Brooks was armed with a deadly weapon, to-wit: a pistol, in violation of § 13A-8-41 of the Code of Alabama.”
No question is raised as to the sufficiency of the transcript in showing that the plea of guilty was voluntarily, intelligently and understandingly interposed. The transcript discloses that a comprehensive inquiry was conducted that met all of the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and related cases. The transcript contains the following as a part of the dialogue between the trial judge and defendant:
“Q. [The trial judge] All right. Now, the punishment for a Class A felony is not less than ten years nor more than ninety-nine years or life imprisonment in the penitentiary of the State of Alabama. However, the punishment for a Class A felony in which a firearm or deadly weapon, such as a pistol in this case, is used or attempted to be used in the commission of the offense, the punishment is not less than twenty years.
“So I am at this time informing you that the punishment for this offense of robbery in the first degree as charged in this indictment is not less than twenty years nor more than ninety-nine years or life imprisonment in the penitentiary of the State of Alabama.
“Do you understand what the punishment for the offense of robbery in the first degree is?
*468 “A. Yes.”
In the single issue presented by appellant, he does not question the validity of the judgment of conviction. The following constitutes the conclusion of appellant’s brief:
“The appellant contends that Section 13A-5-6(a)(4), Code of Alabama, 1975, is unconstitutional in that it amounts to double jeopardy when applied to a conviction under Section 13A-8-41, Code of Alabama, 1975.
“Based on the foregoing argument, it is respectfully requested that the sentence imposed by the lower court be reversed.”
Alabama Code, § 13A-8-41, defining and proscribing robbery in the first degree, classifies the crime as a Class A felony. § 13A-8-41(c).
The foregoing quotation from the transcript as to the dialogue between the trial judge and the defendant lends strength to appellant’s position that the trial court would not have imposed punishment of imprisonment for twenty years if it had not been obliged to do so by the terms of § 13A-5-6(a)(4), and for that reason distinguishes the case from Norwood v. State, Ala.Cr.App., 424 So.2d 1351 (1982), in which a contention similar to the one now presented by appellant was rejected. The rationale in Norwood was that as the trial court in that case fixed defendant’s punishment within the legislative limits that were unquestionably constitutionally prescribed, it was impossible for the court on appeal to determine that the trial court fixed the punishment applied by reason of its having felt that it was “impelled” to do so by the language of § 13A-5-6(a)(5), which as to the issue raised by appellant is the equivalent of § 13A-5-6(a)(4). As accurately observed in Norwood v. State, at 424 So.2d 1352, subsections (4) and (5) were added in 1981 (Acts 1981, No. 81-840, p. 1505) as an amendment to Code 1975, § 13A-5-6.
Even though we are not fully convinced that the sentence would not have been for as much as twenty years irrespective of the applicable statutory minimum or that defendant did not waive his right to challenge the constitutionality of the 1981 amendment increasing from two years to ten years the minimum punishment, our conclusion as to the issue presented by appellant makes it unnecessary for us to consider such questions.
In support of his only contention for a reversal, appellant relies exclusively upon the cases of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); and Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). We now consider these authorities in their chronological order.
In Blockburger, involving a conviction on three counts of a five-count indictment for violations of provisions of the Harrison Narcotic Act, it is stated:
“The principal contentions here made by petitioner are as follows: (1) that, upon the facts, the two sales charged in the second and third counts as having been made to the same person, constitute a single crime; and (2) that the sale charged in the third count having been made not from the original stamped package, and the same sale charged in the fifth count as having been made not in pursuance of a written .order of the purchaser, constituted but one offense for which only a single penalty may be imposed.” 284 U.S. at 301, 52 S.Ct. at 181, 76 L.Ed. at 308.
The contentions made by petitioners were rejected by the Supreme Court, and the judgments of the trial court were affirmed. Blockburger has spawned a number of other contentions as to double jeopardy, but nothing in Blockburger leads to the conclusion that appellant herein has been made the victim of double jeopardy by double punishment or otherwise.
In North Carolina v. Pearce, supra, the Supreme Court dealt with ramifications of the subject of double jeopardy, as inhibited by the Fifth Amendment in coordination *469 with the due process clause of the Fourteenth Amendment, arising in a case of each of two persons who, after a conviction, had been granted a new trial and on the subsequent trial were again convicted and the punishment imposed exceeded the punishment imposed on the first trial. The opinion furnished the solution to five separate and distinct problems presented by the two cases, but there is little, if any, relation between the problems presented in North Carolina v. Pearce and the single issue presented here.
In Simpson v. United States, supra, the Supreme Court considered a federal prosecution against two defendants, growing out of a single transaction, for bank robbery with firearms. The court held in an eight-to-one decision that the defendants sentenced under a bank robbery statute for the enhanced punishment, prescribed by the statute when the bank robbery was committed with a “dangerous weapon or device,” could not also be subjected to a consecutive term of imprisonment for the violation of another statute that provides that whoever uses a firearm in the commission of a federal felony shall be subject to punishment in addition to the punishment provided for the commission of such felony.
As to Busic v. United States, supra, we find considerable difficulty in determining how the controlling principle of the majority opinion should be applied to the statutes involved in the instant case. By the six-to-three opinion in Busic, it was decided that the guaranty against double jeopardy was violated by the trial court in its application of a provision for enhanced sentencing contained in 18 U.S.C. § 924(c) to defendants’ using firearms in the course of a felony proscribed by another statute which of itself authorizes enhancement when a firearm is used in the commission of the particular felony. The large number of felony statutes involved in Busic, as compared with the (3) state statutes involved herein, of itself tends to distinguish that case from this ease as to the issue herein, and when consideration is given to the separate concurring opinion of Justice Blackmun, in Bu-sic, in which Chief Justice Burger joined, we find no authority in Busic to hold that the sentence imposed herein constitutes a violation of the double jeopardy provision of the Fifth Amendment. At 446 U.S. 412, at 100 S.Ct. 1756, at 64 L.Ed.2d 382, the concurring opinion of Justice Blackmun is thus summarized:
“Blackmun, J., joined by Burger CH.J. concurring, expressed the view that while 18 U.S.C.S. § 924(c) is inapplicable where a defendant is charged with committing a subsequent offense violative of the statute that already provides for enhanced punishment for use of a firearm, the question of what punishments are constitutionally permissible when defendants are sentenced in a single proceeding is no different from the question of what punishments Congress intends to be imposed. (Emphasis supplied).”
We are persuaded that in the cases of the Supreme Court relied upon by appellant in which a violation of the Fifth Amendment proscription of double jeopardy was found in the sentences imposed, the error found was that of the trial court in its interpretation of one or more of the federal statutes involved, to the exclusion of any action by Congress in enacting such statutes. This conclusion has not been reached without difficulty, which is caused largely by the congeries of federal statutes involved in the cases relied upon by appellant other than North Carolina v. Pearce, the maze of crimes charged, the plural-count indictments in some of those cases, and the assimilation thereof in the instant case with three relatively simple and brief provisions of state statutes, and the conviction of only one person of only one crime.
An examination of the provision of the Act of the Alabama Legislature, Acts, 1981, No. 81-840, p. 1505, so as to add subdivision (4) to § 13A-5-6(a) of the Alabama Criminal Code prescribing a minimum of no “less than twenty years” term of imprisonment for a conviction of the crime to which defendant pleaded guilty leaves no doubt that it was the intention of *470 the Legislature that a defendant convicted of the Class A felony of robbery in the first degree, as well as others who had been convicted of a Class A felony in which a firearm or deadly weapon was used or attempted to be used, should be sentenced to imprisonment “for not less than 20 years,” even though prior to such amendment a person convicted of robbery in the first degree could have been sentenced “for life or not more than 99 years or less than 10 years.”
We conclude that appellant’s Fifth Amendment guaranty against double jeopardy as made applicable to criminal procedures by states of the United States by the Fourteenth Amendment has not been violated.
Notwithstanding our difficulty in attempting to rationalize our conclusion in consonance with the profundity of wisdom found in the cited opinions of the Supreme Court, we are grateful for the light given us by such opinions. We are, nevertheless, reminded of the extrajudicial utterance of Justice Oliver Wendell Holmes that “The 14th Amendment is a roguish thing.” [1]
The judgment of the trial court should be affirmed.
The writer is pleased to note that this conclusion is in accord with McCullough v. State, [1 Div. 636, Ms. Jan. 31, 1984], Ala. Cr.App., — So.2d -, in an opinion by Judge Tyson, which apparently was in the process of being written contemporaneously with the writing of this opinion.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.

. Harvard University Press, Holmes — Pollock [Sir Frederick Pollock] Letters, Vol. 2, p. 137 (1946).