BOWEN, Judge,
concurring in result only.
I concur only in the result reached by the majority, that being, that the trial judge should not have quashed the indictment.
Rule 16.3(a)(1), A.R.Cr.P.Temp., provides that “[a]ny motion which must under Temporary Rule 16.2 be made before trial must be made ... in circuit court at or before arraignment or by such later date as may be set by the court.” See also Tucker v. State, 537 So.2d 59 (Ala.Cr.App.1988). Subsection (b) of that rule provides that “[t]he court may extend or limit the time of filing such motions for good cause.”
Here, the trial court obviously treated the motion to quash as timely since it ruled on the merits. Under the circumstances, we should assume that the court “extend[ed] ... the time for filing” the motion to quash. The majority appears to be holding, in effect, that a trial court has no jurisdiction to entertain a motion to quash filed after arraignment. That is not the intent of Rule 16.3(a)(1).
I agree with the majority that the indictment need not have been quashed in order to prosecute the appellee for an included offense. Where an indictment charges the completed offense, it embraces, by operation of law, an attempt to commit the offense. Champion v. State, 266 Ala. 283, 95 So.2d 801 (1957); Hardwick v. State, 26 Ala.App. 536, 164 So. 107, cert. denied, 231 Ala. 151, 164 So. 112 (1935). No separate count of attempt is required in the indictment. Ryan v. State, 41 Ala.App. 340, 132 So.2d 264 (1961).
The issue, however, is not whether the State was precluded, by the trial court’s quashing the indictment, from prosecuting appellee for a lesser included offense under the same indictment. The issue is whether the State was precluded, by the trial court’s ruling, from prosecuting appellee for the named offense.
In my judgment, the final sentence of Rule 17 should be read literally, i.e. that the trial court’s “order, if not reversed on appeal, will be fatal to the prosecution of the charge.” “The charge” must be taken to mean “the particular offense outlined in the indictment” and not any and all included offenses.
The trial court’s order here was “fatal to the prosecution of the charge” because it limited the State to prosecution for a lesser included offense.